**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

---

IN RE APPLICATION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Case No. 4:25-cv-00313-CDL

---

### TOURPRODENTER LLC'S EXPEDITED MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW

Tourprodenter, LLC ("Tourprodenter"), by and through undersigned counsel, respectfully moves to intervene in this action to file its forthcoming Motion for Protective Order attached as **Exhibit "1"** (the "Motion for Protective Order"), and requests an expedited briefing schedule. Counsel have conferred and Tofoni opposes this motion. In support, Tourprodenter states as follows:

### INTRODUCTION

Tourprodenter, which recently learned of this action through public sources, should be permitted to intervene as an interested party to protect the confidentiality of its business and financial information obtained and/or sought by Applicant Guillermo Tofoni ("Tofoni") from a bank based in the Middle District of Georgia that holds Tourprodenter's bank records. Although Tofoni represented in his filings under penalty of perjury that he sought this Court's assistance to obtain discovery—including Tourprodenter's bank records—purportedly for use in civil litigation against the Argentine Football Association ("AFA") in Argentina (the "AFA Case," or the "AFA proceeding"), his conduct has belied those representations. Rather than using Tourprodenter's confidential information obtained through his subpoenas in the AFA proceeding, Tofoni has used that information to advance a defamatory media campaign and a criminal action filed in Argentina.

1

Accordingly, and given the confidential nature of Tourprodenter's financial information, the imposition of reasonable limits and safeguards through a protective order is necessary.

Against this backdrop, Tourprodenter satisfies the requirements for intervention under Federal Rule of Civil Procedure 24.

## **BACKGROUND**

1.      Tofoni alleges that on Mar 4, 2021, he signed a contract with AFA that gave him the exclusive rights to organize friendly soccer matches for the Argentine men's national team from November 1, 2022 to December 31, 2030, along with 30% of each match's profits. *See* (ECF No. 1-3) at 2-3. Tofoni further claims that AFA breached this contract by organizing friendly soccer matches through other agents or otherwise without his involvement. *Id.* at 3.

2.      In connection with this alleged breach of contract, in November 2023, Tofoni filed a lawsuit against AFA—the AFA Case—in a civil Argentinian court.[1] *Id.* at 2. In this proceeding, Tofoni alleges that Tourprodenter acted as AFA's collection agent for AFA's organization of a friendly soccer match in Beijing, China, in which AFA allegedly contracted with two Chinese companies in breach of Tofoni's contract with AFA. *Id.* at 3.

3.      On October 6, 2025, Tofoni filed in this case his *Ex Parte* Application of Guillermo Luis Tofoni for Judicial Assistance Pursuant to 28 U.S.C. § 1782. *See* (ECF No. 1) (the "Petition"). Tofoni represented to this Court that he needed to subpoena several U.S. financial institutions, to obtain evidence for use in the AFA Case, including Tourprodenter's financial information. *Id.* at 4-7.

4.      In particular, Tofoni's contemplated subpoena contained four sweeping document requests directed at obtaining Tourprodenter's financial information. First, he demanded

---

[1]      The AFA Case is registered in the Argentinian Civil Court under number CIV 084904/2023.

documents sufficient to identify every account of any type held by Tourprodenter and its "affiliated persons," effectively seeking a comprehensive map of banking relationships. *See* (ECF No. 1-10) at 6, ¶ 1. Second, he sought "all documents," without limitation, concerning any individuals authorized to operate any such accounts. *Id.* at 6, ¶ 2. Third, he demanded "all documents" relating to the opening of every account, including account-opening forms, correspondence, KYC and due diligence files, emails, and internal notes—requests that would have required the production of entire onboarding and compliance files across multiple accounts. *Id.* at 6, ¶ 3. Fourth, he sought "all documents" relating to any transactions in any such accounts, including every wire or transaction referencing a list of third parties, and required production sufficient to identify transaction amounts and origin and destination accounts—an open-ended request that would have swept in complete transaction histories and supporting documentation across multiple entities and time periods. *Id.*, at 6, ¶ 4.

5.      Tofoni supported his Application with the sworn declaration of Argentine attorney Francisco Castex, of the law firm Castex Pauls Abogados, *see* (ECF No. 1-4) (the "Castex Decl."), and Georgia attorney Scott R. Grubman, *see* (ECF No. 1-6) (the "Grubman Decl."). The Castex Declaration also states that the information to be obtained from the banks is for use in the AFA Case. *See* Castex Decl., ¶¶ 5, 18-26.

6.      On October 7, 2025, the Court granted Tofoni's Petition, authorizing Tofoni's counsel to subpoena Synovus Bank. *See* (ECF No. 3). In granting the Petition, the Court considered that the information was for use in the AFA Case based on the declarations of Tofoni's counsel, and left the door open for challenges to the underlying Petition. *See id.*

7.      To date, Tofoni has not used a single document obtained through this proceeding in the AFA Case. *See* Declaration of Maximiliano Rusconi ¶ 9, attached as **Exhibit "2"** (the "Rusconi

Decl."). Rather, he has used the information to smear Tourprodenter and its principals by disseminating confidential information to certain Argentine media.

8.      For instance, on February 22, 2026, the Argentine media outlet La Nación published an article accusing Tourprodenter of engaging in suspicious transactions on behalf of AFA.[2] The article reported that "Justice in the United States" had ordered Tourprodenter's banks to disclose its financial information—suggesting the existence of a criminal investigation in the United States involving Tourprodenter—and stated that the information had been obtained from materials produced in this § 1782 proceeding.

9.      Similarly, on February 27, 2026, the Argentine media outlet "Infobae.com" published an article publicly disseminating Tourprodenter's bank information and noting that the information had been obtained from Tofoni.[3] On the same day, La Nación published a similar article, noting that Tourprodenter's banking information had been obtained from Tofoni's § 1782 proceedings in the United States.[4]

10.      Tofoni has also used information obtained through this proceeding in a separate legal action unrelated to the AFA Case. As explained in the declaration of Argentine attorney

---

[2]      *See* La Nación, Aparecen Transferencias a Otras Dos Empresas Fantasma y Los Desvíos ya Superan los US$50 Millones, https://www.lanacion.com.ar/politica/aparecen-transferencias-a-otras-dos-empresas-fantasma-y-los-desvios-ya-superan-los-us50-millones-nid21022026/      (Last visited March 16, 2026).

[3]      Infobae.com, Exclusivo: Hallaron Otro Banco en EEUU Que Manejó Fondos de La AFA y Giró USD 3 Millones a Empresas Fantasma, https://www.infobae.com/politica/2026/02/27/exclusivo-hallaron-otro-banco-en-eeuu-que-manejo-fondos-de-la-afa-y-giro-usd-3-millones-a-empresas-fantasma/ (last visited, March. 16, 2026).

[4]      La Nación, Está Registrada en El PNC Bank y Pertenece a La Empresa Tourprodenter; Los Desvíos a Sociedades En Miami Sin Actividad Rozan Los US$55 Millones, https://www.lanacion.com.ar/politica/afagate-aparecio-otra-cuenta-de-javier-faroni-en-eeuu-que-desvio-mas-de-us3-millones-a-cinco-nid27022026/ (last visited, March 16, 2026).

Maximiliano Rusconi, who represents Tourprodenter's principals in that matter, on December 30, 2025, Tofoni filed a criminal complaint in Argentina against Tourprodenter's principals and others. In that criminal proceeding, Tofoni included banking information attributed to Tourprodenter and referenced accounts and transactions at multiple U.S. financial institutions. Rusconi further confirms that, in subsequent filings in that criminal case, Tofoni represented to the Argentine court that the financial information supporting his allegations had been obtained through a discovery proceeding initiated by him before federal courts in the United States. *See* Rusconi Decl. ¶¶ 5–7.

11. On March 11, 2026, undersigned counsel emailed counsel for Tofoni, advising that Tourprodenter intends to intervene in this matter because Tofoni has been misusing the information obtained in these proceedings, and requesting a conferral regarding Tourprodenter's contemplated motions to intervene and for protective order. The parties scheduled a Zoom conferral for March 16, at 2:00 p.m. During that conferral, Tofoni's counsel indicated that Tofoni would does not oppose Tourprodenter's intervention and that the parties would further confer on the entry of an appropriate confidentiality or protective order.

12. On March 17, 2026, counsel for Tourprodenter forwarded copies of its proposed motion to intervene and stipulated protective order. However, as of the date of this filing, counsel for Tofoni has not confirmed whether Tofoni ultimately agrees to Tourprodenter's proposed relief, motion, or stipulation.

13. On March 19, 2026, counsel for Tofoni advised counsel for Tourprodenter that she opposed Tourprodenter's contemplated motions as drafted. Thereafter, counsel for both parties could not come to an agreement, requiring Tourprodenter to proceed with this filing.

## MEMORANDUM OF LAW

### I.    FEDERAL RULE OF CIVIL PROCEDURE 24 PERMITS TOURPRODENTER TO INTERVENE IN THIS CASE

Courts recognize that non-parties have a right to intervene in matters under 28 U.S.C. § 1782 to protect their confidentiality interests in financial information. *See DeVault v. Isdale*, No. 6:15-cv-135-Orl-37TBS, 2015 U.S. Dist. LEXIS 137684, at *10 (M.D. Fla. Oct. 8, 2015); *In re Hornbeam Corp.*, Case No. 14-mc-00424, 2015 U.S. Dist. LEXIS 142361, (S.D.N.Y. Sept. 17, 2015) (permitting third party to intervene to quash subpoena issued pursuant to § 1782 that would implicate his "personal financial information"). Accordingly, a confidentiality and/or privacy interest in financial records warrants an opportunity to intervene to protect that interest, at least permissively. *DeVault*, 2015 U.S. Dist. LEXIS 137684, at *12; *In re Exch. Union Co.*, Case. No. 24-mc-91645, 2025 U.S. Dist. LEXIS 53669, at *11 (D. Mass. Mar. 24, 2025); *see also Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218 (11th Cir. 2019) (allowing intervention in matters under 28 U.S.C. § 1782).

Federal Rule of Civil Procedure 24 provides two avenues for intervention in federal litigation: intervention as of right under Rule 24(a), and permissive intervention under Rule 24(b). Fed. R. Civ. P. 24; *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1246 (11th Cir. 2006). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

Tourprodenter seeks intervention as of right under Rule 24(a)(2) because Tofoni's Petition and subpoenas targeted its confidential financial and business information. *DeVault*, 2015 U.S. Dist. LEXIS 137684, at *12. Tofoni's unfettered access to that information without giving

6

Tourprodenter an opportunity to be heard would impair its ability to protect those interests. *See* Fed. R. Civ. P. 24(a)(2). Alternatively, Tourprodenter should be granted permissive intervention because it intends to request limitations and safeguards on the use of the information pertaining to Tourprodenter that Tofoni has obtained or may obtain, which will not cause delay or prejudice to any party. *See* Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

### A.      Tourprodenter Should be Authorized to Intervene as of Right.

In the Eleventh Circuit, intervention by right requires the following four elements: (1) the application to intervene is timely; (2) the party has an interest relating to the property or transaction which is the subject of the action; (3) the party is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the party's interest is represented inadequately by the existing parties to the suit. *Tech. Training Assocs. V. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695-96 (11th Cir. 2017) (quoting *Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004)); Fed. R. Civ. P. 24(a)(2). Unlike permissive intervention, intervention as of right must be granted where the movant establishes all four requirements. *United States v. Georgia*, 19 F.3d 1388, 1393 (11th Cir. 1994).

As to the first factor, Tourprodenter's motion is timely. The Eleventh Circuit evaluates four factors to determine whether a motion is timely.

> 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Salvors, Inc. v. Unidentified Wrcked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (quoting *Meek v. Metro. Dade Cty. Fla.*, 985 F.2d 1471, 1478-79 (11th Cir. 1993)).

Here, Tourprodenter timely moved to intervene after recently learning of Argentine media articles and developments in the Criminal Case indicating that Tofoni was misusing information obtained through this proceeding. The media articles were published on February 22 and 27, 2026, respectively. Tofoni filed a criminal complaint in Argentina on December 30, 2025 relying on Tourprodenter's banking information, and later represented in filings dated February 19 and March 3, 2026 that the information had been obtained through discovery proceedings in the United States. *See* Rusconi Decl., ¶¶ 5-7. Tourprodenter retained undersigned counsel shortly after, and has moved to intervene less than a month after learning of Tofoni's actions. The Eleventh Circuit has found motions to intervene timely under far less favorable circumstances. *See Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002) ("We do not believe that a delay of six months in itself constitutes untimeliness."); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (motion timely when filed seven months after complaint and before discovery began). Moreover, Mr. Tofoni would suffer no prejudice from Tourprodenter's intervention as his Petition has already been granted, whereas Tourprodenter would be prejudiced by being denied the chance to protect its confidentiality interest in the subpoenaed information. Finally, there are no unusual circumstances militating for a determination that Tourprodenter's intervention is untimely.

As to the second and third factors, Tourprodenter has a sufficient interest in this case, and the interest may be affected as a practical matter by the disposition in this case. In determining sufficiency of interest, the Eleventh Circuit requires "a direct, substantial, legally protectable interest in the proceedings," and that the proposed intervenor be "at least a real party in interest in the transaction which is the subject of the proceeding." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 594 (11th Cir. 1991) (quoting *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970)). Courts in this circuit have found that a company has a legitimate privacy interest in its

8

financial information, which may harm the company if exposed to the public, including competitors. *See Usry v. Equityexperts*, Case No. CV 116-010, 2020 U.S. Dist. LEXIS 252924, at *2 (S.D. Ga. May 8, 2020) (collecting cases); *Cellairis Franchise, Inc v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016) (noting that there is a "personal right" to subpoenaed personal bank records); *TradeInvest Asset Mgmt. Co. (BVI) Ltd. v. Wrigley*, No. 9:22-cv-80360, 2025 U.S. Dist. LEXIS 256143, at *7 (S.D. Fla. Aug. 22, 2025) (holding that a party has a legitimate privacy interest around commercial and financial information, which outweighs the public's interest in accessing it.); *In re Elena Shchegoleva Discovery Application*, No. 25-CV-23858, 2026 U.S. Dist. LEXIS 5153, at *12 (S.D. Fla. Jan. 9, 2026) (finding that intervenor had a protectable interest in his financial documents sought in a § 1782 application).

Here, Tofoni sought confidential information belonging to Tourprodenter and its principals from third parties, such as bank account information, and all transactions related to those accounts, regardless of whether they are related to AFA. *See* (ECF No. 1-10) at 6, ¶¶ 1-4. Tourprodenter has a cognizable Rule 24(a) privacy interest in that information. *Usry*, 2020 U.S. Dist. LEXIS 252924, at *2; *Cellairis*, 193 F. Supp. 3d at 1381. Without intervention, Tofoni will be able to place Tourprodenter's confidential banking records in the public eye and use them in proceedings unrelated to the AFA Case, without the Court first assessing whether such use is proper. Moreover, Tofoni—who is otherwise not entitled to obtain information from Tourprodenter or its principals that does not pertain to his dispute with AFA—will have unfettered access to, and use of, the entire banking record of Tourprodenter and its principals if Tourprodenter is not permitted to intervene and seek appropriate limits on Tofoni's use of that information. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12-13 (1992) (recognizing that compelled disclosure of records is a

concrete injury and that post-disclosure relief is imperfect because the harm occurs upon production).

As to the fourth factor, Tourprodenter's interests are not adequately represented by any party in this case. Tourprodenter need only show "that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Tech. Training*, 874 F.3d at 697 (quoting *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999)); *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). A would-be intervenor need only come forward with some evidence that an existing party does not seek the same objectives as the would-be intervenor, after which a court relies on the "general rule that adequate representation exists 'if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervener, and if the representative does not fail in fulfillment of his duty.'" *Clark*, 168 F.3d at 461 (citations omitted).

Here, Tofoni filed this action *ex parte*, leaving the banks targeted by Tofoni's subpoenas as the only parties who could raise objections. *See generally* (ECF No. 1). However, the banks do not share Tourprodenter's objectives. They have no reason to oppose an otherwise lawfully issued subpoena from this Court on Tourprodenter's behalf. Thus, Tourprodenter must intervene to raise objections and safeguard the confidential information contained in those records. *See In re Elena Shchegoleva*, 2026 U.S. Dist. LEXIS 5153, at *12. Notably, Tofoni has already improperly disseminated this information to certain Argentine media outlets and filed it in the Criminal Case, demonstrating that the banks did not adequately protect Tourprodenter's interests.

Therefore, because Tourprodenter has a direct, legally protectable interest in the confidential information that Mr. Tofoni is seeking and/or has obtained pursuant to his Petition and subpoenas, it is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).

10

**B.      Tourprodenter Should be Authorized to Intervene Permissively.**

Should the Court decline to grant intervention as of right, it should grant permissive intervention. Permissive intervention is appropriate "where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (quoting *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002)); Fed. R. Civ. P. 24(b)(1)(B).

Here, Tourprodenter's Motion for Protective Order will raise questions of law and fact central to this proceeding, including whether the discovery Tofoni sought or obtained is being used in the AFA Case, and whether the information involves any applicable privilege or confidentiality. *See* Exhibit "1." As explained above, Tourprodenter has a cognizable privacy interest in the banking information Tofoni obtained, which warrants at least permissive intervention. *Usry*, 2020 U.S. Dist. LEXIS 252924, at *2; *Cellairis*, 193 F. Supp. 3d at 1381. Moreover, intervention at this stage, after the Court has already granted the Petition, will not cause any delay or prejudice, as Tourprodenter's intent is to place appropriate safeguards on and/or limits to Tofoni's use of the information he has obtained or is about to obtain. *See United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001) (noting that a district court may impose conditions on § 1782 discovery that it deems desirable); *In re Gliner*, 133 F.4th 927, 935 n.10 (9th Cir. 2025) ("District courts generally have the discretion to tailor the scope of discovery to account for various competing interests."); *In re N. Am. Potash, Inc.*, No. 12-20637, 2013 U.S. Dist. LEXIS 197945, at *2 (S.D. Fla. Mar. 13, 2013) (granting protective order in § 1782 case prohibiting petitioner from using discovery outside the proceedings for which they were purportedly sought).

## II.    THE COURT SHOULD ORDER AN EXPEDITED BRIEFING SCHEDULE

Under Middle District of Georgia Local Rules 7.2 and 7.3, responses to a motion shall be filed within twenty-one (21) days of the motion, and replies shall be filed within fourteen (14) days of the response. *See* M.D. Ga. LR 7.2; M.D. Ga. LR 7.3. However, the Court has discretion to alter the time for briefing, because, like any court, it "has inherent authority to manage its own docket" which "includes the authority to set deadlines[.]" *Medley v. United States*, No. 5:21-CV-206, 2022 U.S. Dist. LEXIS 59367, at *4 (M.D. Ga. Mar. 31, 2022) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 1009), and *Gomez v. Trustees of Harvard Univ.*, 676 F. Supp. 13, 15 (D.D.C. 1987)). Accordingly, the Court may order expedited briefing on motions. *See, e.g.*, *Leslie v. Markling*, No. 4:25-CV-174, 2025 U.S. Dist. LEXIS 172122, at *5 (M.D. Ga. Sep. 4, 2025) (Land, J.) (noting that briefing on a renewed motion for summary judgment could follow an expedited schedule).

Because Tofoni has already disseminated Tourprodenter's confidential information to members of the Argentine media—and there is every reason to believe he will continue doing so absent prompt judicial intervention—good cause exists to expedite briefing on this motion. An expedited schedule will allow the Court to address Tourprodenter's objections before additional disclosures occur and before the subpoena process is further used as a vehicle to obtain and publicize sensitive information for improper purposes.

Accordingly, Tourprodenter respectfully requests that any response to this motion be due within seven (7) days of filing, with any reply due within four (4) days thereafter.

### CONCLUSION

Based on the foregoing points and authorities, Tourprodenter respectfully requests that the Court grant this Motion to Intervene, order expedited briefing thereon, and grant any and all further relief the Court deems just and proper.

12

DATED: March 23, 2026        Respectfully submitted,

*/s/ Lewis P. Perling*
Lewis P. Perling
Georgia Bar No. 572379
lperling@clarkhill.com
Clark Hill PLC
3630 Peachtree Road N.E.
Suite 700
Atlanta, GA 30326
470.845.0207 (phone)

**DIAZ REUS INTERNATIONAL LAW FIRM**
100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

By: */s/ Javier Coronado Diaz*
Michael Diaz, Jr. (Fla. Bar No. 606774)
Attorney Email: mdiaz@diazreus.com
(Motion for *pro hac vice* admission forthcoming)
Javier Coronado Diaz (Fla. Bar No. 1047848)
Attorney Email: jcoronado@diazreus.com
(Motion for *pro hac vice* admission forthcoming)
Gabor Gazso von Klingspor (Fla. Bar No. 1058977)
Attorney Email: ggazso@diazreus.com
(Motion for *pro hac vice* admission forthcoming)
John Q. Foster (Fla. Bar No. 1059167)
Attorney Email: jfoster@diazreus.com
(Motion for *pro hac vice* admission forthcoming)

*Counsel for Tourprodenter, LLC*

13

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed on March 23, 2026 with the

Court's CM/ECF system, which will serve a true and correct copy thereof on all counsel of record.

*/s/ Lewis P. Perling*
Lewis P. Perling