## <u>STATEMENT BY MAXIMILIANO RUSCONI</u>

I, Maximiliano Rusconi, state under penalty of perjury pursuant to the laws of the United States of America that the following is true and correct to the best of my knowledge and belief:

1.      I am an attorney duly admitted to practice in the Argentine Republic. I graduated from the School of Law of the University of Buenos Aires, where I currently serve as Professor of Criminal Law and Criminal Procedure. I also hold a Doctor of Law degree from the University of Buenos Aires and have been awarded the degree of Doctor Honoris Causa by the Catholic University of Cuenca (Ecuador). Throughout my professional career, I have held various academic and public positions, including Attorney General at the Office of the Attorney General of the Nation (1998–2000) and Deputy Director of the Department of Criminal Law and Criminology at the University of Buenos Aires (2011–2013). I have also served as an advisor to various public institutions and international organizations, including the United Nations Development Program (UNDP).

2.      I currently serve as Founding Partner and Managing Director of the firm Estudio Rusconi-Palmeiro & Asociados Abogados & Consultores, in Buenos Aires, Argentina.

3.      My law firm and I represent Javier Horacio Faroni and Erica Gabriela Gillette, husband and wife, in Criminal Case No. 66191/2025, currently pending before the Argentine courts (the "Criminal Case").

4.      I make this statement based on my personal knowledge, acquired in the course of my professional duties as defense counsel in the Criminal Case, and for the purpose of bringing to attention what I consider to be an irregular practice by Guillermo Luis Tofoni, an Argentine citizen who, as I understand, resides in Greece and Germany ("Tofoni"), so that the appropriate legal remedies may be pursued in the United States.

1

EXHIBIT 2 TO MOTION TO INTERVENE

5.      The Criminal Case originates from a complaint filed by Tofoni on December 30, 2025, against my clients and other individuals. In his complaint, Tofoni included banking and financial information attributed to Tourprodenter LLC ("Tourprodenter"), a Florida company, including references to bank accounts and transfers of funds in various financial institutions in the United States. In particular, among others, Tofoni referred to Tourprodenter bank accounts at Synovus Bank, JPMorgan Chase Bank, Bank of America, N.A., and Citibank.

6.      According to a subsequent filing submitted by Tofoni before the Argentine courts on February 19, 2026, the financial information included in his complaint originates from a "discovery" proceeding initiated by him before federal courts of the United States. In that same filing, Tofoni asserted that the "U.S. judicial authorities" had concluded that his claim "was legally supportable," and that this implies "a prior recognition of standing and of the existence of a possible direct financial harm."

7.      More recently, on March 3, 2026, Tofoni submitted a filing in the Criminal Case seeking to expand his criminal complaint. In particular, Tofoni sought to submit in the case banking documentation of Tourprodenter obtained from PNC Bank, including account opening documents, signature cards, and bank statements. In this filing, Tofoni stated that the additional banking information he intended to incorporate originates from the "discovery proceeding" initiated by him before federal courts of the United States.

8.      The Criminal Case is a separate and independent proceeding from the case "Tofoni, Guillermo Luis v. Asociación del Fútbol Argentino (A.F.A.) for Contract Performance" (case file CIV 084904/2023) (the "AFA Case").

9.      On March 11, 2026, I accessed the case file of the AFA Case through my staff and through the Judicial Case Management System—LEX 100—and did not observe that, as of that date,

2

EXHIBIT 2 TO MOTION TO INTERVENE

Tofoni had submitted financial documents of Tourprodenter similar to those mentioned above, nor other documents that he had identified as originating from the actions he initiated in the United States. At the time of my review, the case file of the AFA Case was publicly accessible. Such access may be restricted by the Argentine court in order to ensure the confidentiality of the information, upon request of the parties to the AFA Case.

10.     The documents from the Criminal Case mentioned above are in my possession; however, I have refrained from attaching them to this Statement in light of the confidentiality obligations incumbent upon me in the Criminal Case, without prejudice to the need to bring the aforementioned irregularities to the attention of the U. S. courts. As a matter of law, the documents in the Criminal Case may only be reviewed by the parties to the proceeding.

Signed in the City of Buenos Aires, Argentina, on the 14th day of March, 2026.—

[Signature]
**MAXIMILIANO RUSCONI**
LAWYER
Vol. 47 Fol. 769 Public Bar Association of the City of Buenos Aires
Vol. XL [40] Fol. 20 Bar Association of San Isidro
Vol. 103 Fol. 772 Bar Association of San Martin

**Maximiliano Rusconi**

3

EXHIBIT 2 TO MOTION TO INTERVENE



morningtrans.com

# TRANSLATION CERTIFICATION

**Date: 2026/03/17**

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Spanish (Latin America)

To:

- English (USA)

The documents are designated as:

- 'Declaración Maximiliano Rusconi-IV.pdf'

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Signature of **Samuel Wu**, Managing Director

Questel Confidential: Limited External Use

299 South Main Street, Suite 1300
Salt Lake City, UT 84111    EXHIBIT 2 TO MOTION TO INTERVENE

## DECLARACIÓN DE MAXIMILIANO RUSCONI

Yo, Maximiliano Rusconi, declaro bajo pena de perjurio conforme a las leyes de los Estados Unidos de América que lo siguiente es verdadero y correcto según mi leal saber y entender:

1.      Soy abogado matriculado en la República Argentina, graduado de la Facultad de Derecho de la Universidad de Buenos Aires, donde actualmente me desempeño como Catedrático de Derecho Penal y Procesal Penal. Asimismo, poseo el título de Doctor en Derecho por la Universidad de Buenos Aires y he sido distinguido con el título de Doctor Honoris Causa por la Universidad Católica de Cuenca (Ecuador). A lo largo de mi trayectoria profesional he ocupado diversos cargos académicos y públicos, incluyendo Fiscal General de la Procuración General de la Nación (1998–2000) y Subdirector del Departamento de Derecho Penal y Criminología de la Universidad de Buenos Aires (2011–2013), y he participado como asesor de diversas instituciones públicas y organismos internacionales, entre ellos el Programa de las Naciones Unidas para el Desarrollo (PNUD).

2.      Actualmente, me desempeño como Socio Fundador y Gerente de la firma Estudio Rusconi-Palmeiro & Asociados Abogados & Consultores, en Buenos Aires, Argentina.

3.      Mi estudio jurídico y yo representamos Javier Horacio Faroni y Erica Gabriela Gillette, marido y mujer, en la Causa Penal No. 66191/2025, en trámite ante la justicia argentina (la "Causa Penal").

4.      Formulo la presente declaración sobre la base de mi conocimiento personal, adquirido en el ejercicio de mi labor profesional como defensor en la Causa Penal, y con el propósito de poner en conocimiento lo que considero una práctica irregular por parte de Guillermo Luis Tofoni, ciudadano argentino que, según entiendo, se encuentra domiciliado en Grecia y Alemania ("Tofoni"), a los efectos de que se adopten los correctivos legales que correspondan en Estados Unidos.

1

EXHIBIT 2 TO MOTION TO INTERVENE

5.      La Causa Penal tiene su origen en una denuncia que Tofoni presentó el 30 de diciembre de 2025 en contra de mis defendidos y otras personas. En su denuncia, Tofoni incorporó información bancaria y financiera atribuida a Tourprodenter LLC ("Tourprodenter"), una sociedad de Florida, incluyendo referencias a cuentas bancarias y movimientos de fondos en distintas entidades financieras de los Estados Unidos. En particular, Tofoni hizo referencia, entre otras, a cuentas bancarias de Tourprodenter en Synovus Bank, JPMorgan Chase Bank, Bank of America, N.A. y Citibank.

6.      Según un escrito posterior presentado por Tofoni ante la justicia argentina el 19 de febrero de 2026, la información financiera incluida en su denuncia proviene de un procedimiento de "discovery" iniciado por él ante tribunales federales de los Estados Unidos. En ese mismo escrito, Tofoni sostuvo que las "autoridades judiciales norteamericanas" habrían concluido que su reclamo "resultaba jurídicamente atendible" y que ello implica "un reconocimiento previo de legitimación y de la existencia de una posible afectación patrimonial directa".

7.      Mas recientemente, el 3 de marzo de 2026, Tofoni presentó en la Causa Penal un escrito tendiente a ampliar su denuncia penal. En particular, Tofoni buscó presentar en la causa documentación bancaria de Tourprodenter proveniente del PNC Bank, incluyendo documentos de apertura de cuenta, tarjetas de firma, y estados bancarios. En este escrito, Tofoni afirmó que la información bancaria adicional que pretendía incorporar proviene del "procedimiento de Discovery" iniciado por él ante tribunales federales de los Estados Unidos.

8.      La Causa Penal es un procedimiento distinto e independiente del caso "Tofoni, Guillermo Luis c/ Asociación del Fútbol Argentino (A.F.A.) s/ Cumplimiento de Contrato" (expediente CIV 084904/2023) (el "Caso AFA").

9.      El 11 de marzo de 2026, tuve acceso al expediente del Caso AFA a través de mis colaboradores y mediante el Sistema de Gestión Judicial -LEX 100- y no observé que, a esa fecha,

2

EXHIBIT 2 TO MOTION TO INTERVENE

Tofoni hubiera presentado documentos financieros de Tourprodenter similares a los mencionados anteriormente, ni otros documentos que hubiera identificado como provenientes de las acciones que promovió en los Estados Unidos. Al momento de mi revisión, el expediente del Caso AFA era de acceso público. Dicho acceso puede ser restringido por la corte argentina para garantizar la confidencialidad de la información, a solicitud de las partes del Caso AFA .

10.     Obran en mi poder los documentos de la Causa Penal mencionados anteriormente; sin embargo, me he abstenido de adjuntarlos a la presente Declaración en atención a los deberes de confidencialidad que me asisten en la Causa Penal, sin perjuicio de la necesidad de poner en conocimiento de las cortes estadounidenses las irregularidades antes mencionadas. En derecho, los documentos de la Causa Penal solo pueden ser consultados por las partes en el proceso.

Firmado en la ciudad de Buenos Aires, Argentina, a los 14 días del mes de marzo de 2026.—

**Maximiliano Rusconi**

3

EXHIBIT 2 TO MOTION TO INTERVENE