**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

<table>
<tr>
<td>IN RE APPLICATION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782</td>
<td>Case No. 4:25-cv-00313-CDL</td>
</tr>
</table>

**[PROPOSED] PROTECTIVE ORDER**

1.   Intervenor, Tourprodenter, LLC ("Tourprodenter"), seeks entry of this Protective Order governing the treatment of certain information that has been obtained or may be obtained by Petitioner, Guillermo Luis Tofoni ("Tofoni") (collectively, the "Parties"), pursuant to his *Ex Parte* Application of Guillermo Luis Tofoni for Judicial Assistance Pursuant to 28 U.S.C. § 1782. (ECF No. 1). Good cause exists under Federal Rule of Civil Procedure 26(c) for the protections set forth below to preserve the confidentiality of information that is commercially sensitive, confidential, competitive, and/or proprietary, and to prevent misuse or public dissemination of such information.

2.   This Order governs all documents produced or that may be produced pursuant to subpoenas issued in this proceeding concerning Tourprodenter's bank accounts and other financial information, including materials produced or that may be produced by Synovus Bank, as well as its subsidiaries and/or parent companies (collectively, "Tourprodenter's Materials").

3.   The provisions of this Protective Order shall apply to (1) the Parties to this action including, but not limited to, their employees, former employees, officers, directors, agents, representatives, subsidiaries, affiliates, related entities, assigns, successors-in-interest, any individuals or companies retained by any of the parties, and/or all persons acting or

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

purporting to act on their behalf; (2) court reporters; (3) third parties as provided in this Order; and (4) any person who agrees to be bound by the terms of this Order.

4.  Tourprodenter's Materials shall be used solely for purposes of the civil lawsuit filed by Tofoni against the Argentine Football Association ("AFA"), with civil case number CIV 084904/2023 (the "AFA Case"), and for no other purpose, unless otherwise authorized by this Court.

5.  Tourprodenter's Materials shall not be filed on any public docket. To the extent any Party seeks or is required to file Tourprodenter's Materials in any court, arbitration, administrative proceeding, or other tribunal, such filing shall be made under seal in accordance with the applicable rules and procedures of the forum, and the filing Party shall take all reasonable steps to ensure that Tourprodenter's Materials are not publicly disclosed, including, where appropriate, filing only narrowly tailored excerpts under seal and filing a public version with appropriate redactions.

6.  Tourprodenter's Materials may be disclosed only to:

    a.  Counsel of record in this proceeding and their employees or staff;

    b.  Counsel involved in the AFA Case;

    c.  The parties to the AFA Case;

    d.  Experts or consultants retained for purposes of the AFA Case; and

    e.  The court or tribunal presiding over the AFA Case.

7.  Absent further order of this Court, Tourprodenter's Materials produced pursuant to subpoenas issued in this proceeding shall not be disclosed, disseminated, or otherwise provided to any person not directly involved in the AFA Case.

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

8. Tourprodenter's Materials shall not be uploaded, submitted, entered, or otherwise provided, whether in whole or in part, to any open generative artificial intelligence tool, large language model, or similar system for any purpose. Any such use shall be deemed a disclosure to a third party and a violation of this Order. For avoidance of doubt, this restriction does not prohibit use of closed AI tools that are operated in a manner that does not disclose Tourprodenter's Materials to any unauthorized person or entity and that do not use such materials for training or to improve models available to third parties.

9. To the extent Tofoni has disclosed Tourprodenter's Materials obtained pursuant to subpoenas issued in this proceeding to persons not authorized under this Order, Tofoni shall cease any further dissemination of such materials outside the AFA Case and shall, within fourteen (14) days of entry of this Order:

   a. Provide written notice to each person or entity to whom such materials were disclosed that the materials are subject to this Order and request that such materials be returned or destroyed;

   b. Take reasonable steps to retrieve or secure the return or destruction of such materials from persons not authorized to receive them under this Order;

   c. Identify to the Court the categories of recipients to whom such materials were disclosed, excluding privileged communications with Counsel; and

   d. File a certification with the Court describing the steps taken to comply with this provision.

10. Within sixty (60) days of final termination of the AFA Case, including any appeals, all of Tourprodenter's Materials, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

into any privileged memoranda of the Parties and materials which have been admitted into evidence in the AFA Case), shall either be returned to the producing entity or be destroyed. Counsel receiving such materials shall certify compliance with this requirement by affidavit. Final termination of the AFA Case shall be deemed to be the later of (1) dismissal of all claims and defenses in the AFA Case, with or without prejudice; and (2) final judgment therein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of the AFA Case, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Tourprodenter's Materials. Any such archival copies that contain or constitute Tourprodenter's Materials remain subject to this Order.

11.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

12.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable privilege.

4

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

13. The Parties and their respective Counsel agree to act in good faith when taking any action pursuant to this Order.

14. In the event that any of Tourprodenter's Materials is subpoenaed by any court, regulatory, administrative or legislative body or any person purporting to have authority to subpoena such information, the receiving entity shall not produce such information without first giving sufficient and timely written notice to the designating Party so as to enable that Party to have a reasonable opportunity to seek protective relief, provided that a Party may obey a court order preventing the Party from providing notice.

15. Neither the termination of this matter nor the termination of employment of any person who had access to any of Tourprodenter's Materials shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Tourprodenter's Materials pursuant to this Order, unless the Parties agree otherwise in writing or a court order otherwise directs.

16. This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown from any of the provisions contained herein.

17. As a condition of receiving and retaining access to Tourprodenter's Materials, any party receiving and/or retaining such materials shall execute an Agreement to Be Bound by the terms of this Order in the form attached hereto as **Exhibit "1."**

18. The Court retains jurisdiction to interpret, modify, and enforce this Order.

**SO ORDERED** this _____ day of _____, 2026.

_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

**-EXHIBIT 1 to Protective Order-**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **IN RE APPLICATION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | Case No. 4:25-cv-00313-CDL |

## CONFIDENTALITY AGREEMENT AND AGREEMENT TO BE BOUND
## BY TERMS OF STIPULATED PROTECTIVE ORDER

Applicant Guillermo Luis Tofoni ("Tofoni" or "Applicant"), Intervenor Tourprodenter, LLC ("Tourprodenter"), and the undersigned (the "Receiving Person") hereby stipulate and agree as follows:

1.      Tofoni filed an *Ex Parte* Application of Guillermo Luis Tofoni for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "Petition") in the above-captioned proceeding pending in the United States District Court for the Middle District of Georgia, Case No. 4:25-cv-00313-CDL (the "Action"). The Petition was filed in connection with a civil lawsuit filed by Tofoni against the Argentine Football Association ("AFA") in Argentina (Case No. CIV 084904/2023) (the "AFA Case").

2.      Pursuant to the Petition, Tofoni obtained or seeks to obtain from Synovus Bank (the "Bank") financial and banking records relating to Tourprodenter and its principals, including records identifying accounts and affiliated persons, records concerning persons authorized to operate those accounts, account-opening and related compliance materials, and records relating to transactions in those accounts (the "Subpoena Requests").

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

3.    Tourprodenter has intervened in the Action to protect its confidentiality interest in the financial records and information obtained or to be obtained through the Action, and the parties have agreed to confer regarding the entry of an appropriate confidentiality or protective order.

4.    To permit the parties and authorized persons to access the financial records and information produced or to be produced in the Action without making such information public, the party seeking access agrees that the records and information produced or to be produced in connection with the Action will be subject to the terms described herein.

## DEFINITIONS

5.    **Confidential Information.** The term "Confidential Information" includes all documents, records, data, and other information concerning the financial accounts, transactions, holdings, and related records of Tourprodenter and its principals, made available, furnished, or otherwise disclosed in connection with the Action, whether produced by the Bank or by any other source in response to the Subpoena Requests, any subpoenas issued in the Action, or any order of the Court. Confidential Information shall also include any summaries, excerpts, abstracts, analyses, compilations, notes, or other materials derived from or reflecting such documents or information. Confidential Information shall exclude information which: (i) was or becomes generally available to the public other than as a result of a disclosure by any person bound by this Agreement or the Protective Order; (ii) was available to the Receiving Person on a non-confidential basis prior to its disclosure in the Action; or (iii) becomes available to the Receiving Person on a non-confidential basis from an independent source, provided that such source was not itself bound by an obligation of confidentiality and known to the Receiving Person.

2

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

6. **Protective Order.** The term "Protective Order" refers to the Stipulated Protective Order entered or to be entered in the Action governing the use, handling, and dissemination of Confidential Information.

7. **Representatives.** The term "Representatives" means a party's attorneys, employees, agents, advisors, experts, consultants, and other representatives who need to access Confidential Information for the purpose of evaluating or addressing issues arising in the Action and who have executed a copy of this Agreement.

## OBLIGATIONS

8. **Acknowledgment and Agreement to Be Bound.** The Receiving Person hereby acknowledges that he or she has received a copy of the Protective Order entered in the above-captioned Action. The Receiving Person has carefully read and reviewed the Protective Order in its entirety, fully understands all of its terms and conditions, and agrees to be bound by and to comply with each of its provisions as if the Receiving Person were a "Party" to the Protective Order. The Receiving Person understands that his or her obligations under this Agreement and the Protective Order are enforceable by the Court, including through contempt proceedings.

9. **Duty of Confidentiality.** Other than as allowed by this Agreement and the Protective Order, the Receiving Person shall not disclose, copy, reproduce, distribute, give, or otherwise permit the transmittal in any manner of the Confidential Information to any person other than the parties' Representatives (as defined above). The Receiving Person shall inform any person to whom Confidential Information is disclosed pursuant to this Agreement of the confidential nature of such information and shall require such person to comply with the duty of confidentiality and the other provisions of this Agreement and the Protective Order, and to return all Confidential Information to the Receiving Person upon request.

3

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

10. **Purpose and Use Restrictions.** The Confidential Information shall be used only:

    i.  in connection with the Action, including any proceedings, motions, or appeals arising out of or relating to the Action;

    ii.  in connection with proceedings in the AFA Case, to the extent expressly authorized by the Protective Order or by further order of the Court;

    iii.  as allowed by any future order of the Court, and nothing in this Agreement shall in any way limit or restrict any use or disclosure of the Confidential Information that may be otherwise permitted by any such Court order;

    iv.  for such other purposes and/or disclosures as agreed to in writing by counsel for the parties; and

    v.  as otherwise expressly permitted by the Protective Order.

The Receiving Person shall not use or disclose the Confidential Information for any other purpose whatsoever, including but not limited to any business, commercial, competitive, governmental, journalistic, or personal purpose or function, or in any other litigation, proceeding, investigation, criminal complaint, or matter, whether pending or contemplated, except as expressly permitted above.

11. **Scope of Permitted Disclosures in Court Filings.** To the extent that Confidential Information is disclosed for a purpose authorized under Paragraph 10 of this Agreement, the disclosing party shall disclose only those portions of the Confidential Information that are necessary for each specific proceeding. For clarity, to the extent a party seeks to utilize Confidential Information in a court filing (sealed or unsealed), the party is authorized to disclose: (i) the relevant names of the individuals and/or entities associated with accounts from which information was obtained; (ii) the identity of the financial institution(s) from which information

4

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

was obtained; (iii) the last four digits of account numbers; (iv) account balances; and (v) addresses associated with accounts (if necessary, for instance, in a certificate of service). To the extent a party deems it necessary to disclose additional Confidential Information in a court filing, that party will first give notice to counsel for Tourprodenter and will proceed to work with Tourprodenter's counsel to agree to terms regarding: (i) the specific additional Confidential Information to be disclosed; and (ii) the manner of such disclosure (e.g., use of redactions, filing under seal). If the parties are unable to reach agreement, either party may seek court intervention.

12.    **Safeguarding of Confidential Information.** The Receiving Person agrees to take all reasonable measures to safeguard the Confidential Information from unauthorized access, disclosure, or use. The Receiving Person shall maintain Confidential Information in a secure location and shall not leave such material unattended in any location where unauthorized persons could gain access to it. The Receiving Person shall not transmit or store Confidential Information on any unsecured electronic device, platform, or medium except as necessary and consistent with this Agreement and the Protective Order.

13.    **Compelled Disclosure.** In the event that the Receiving Person becomes legally compelled to disclose any Confidential Information, whether by subpoena, court order, regulatory demand, or otherwise, the Receiving Person shall provide Tourprodenter prompt prior written notice of such requirement (unless such notice is prohibited under applicable law), so that Tourprodenter may determine whether to seek a protective order or other means of preventing the disclosure. Prior notice shall be provided to Tourprodenter no less than fourteen (14) days prior to any disclosure, dissemination, or transmittal (unless such notice is prohibited under applicable law). In the event that such protective order or other remedy is not obtained, or the Receiving Person is otherwise legally compelled, the Receiving Person agrees to furnish only that portion of

5

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

the Confidential Information which is legally required and to exercise reasonable efforts to obtain assurances that confidential treatment will be accorded to such Confidential Information.

14.     **Return or Destruction of Confidential Information.** Within sixty (60) days of the conclusion of the Action (including any and all appeals therefrom), or within sixty (60) days of the termination of the Receiving Person's involvement in the Action, whichever occurs first, the Receiving Person will either destroy or return to counsel for the party by whom the Receiving Person is employed or retained all Confidential Information (including all copies, summaries, excerpts, abstracts, notes, and any other materials derived from Confidential Information) that has come into the Receiving Person's possession, custody, or control. Upon request, the Receiving Person agrees to certify in writing that he or she has complied with this obligation.

15.     **Consent to Jurisdiction.** The Receiving Person hereby consents to the personal jurisdiction of the United States District Court for the District of Delaware with respect to any proceedings relative to or arising from the enforcement of the Protective Order or this Agreement, including without limitation any proceeding related to contempt of court, any motion to compel compliance, and any other proceeding seeking relief for alleged violations of the Protective Order or this Agreement. The Receiving Person agrees that such consent shall be irrevocable for the duration of the Action and for so long as any obligation under the Protective Order or this Agreement remains in effect.

16.     **Survival.** The Receiving Person's duty of confidentiality and all other obligations described herein will survive the resolution by settlement or final judgment of the Action and any proceedings incident thereto, and the termination of any appeals therefrom.

17.     **Government Disclosures.** Notwithstanding anything herein to the contrary, a party shall be permitted to discuss with and/or disclose Confidential Information to any government

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER

body, including without limitation the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), for any purpose authorized under Paragraph 10 of this Agreement or otherwise required by law.

18.    **No Waiver of Rights or Privileges.** Nothing in this Agreement shall constitute a waiver or adjudication of any objection that any party or non-party may have to the Petition, the subpoenas issued in the Action, or any other process, nor shall it constitute a waiver of any right, privilege, defense, or immunity that any party or non-party may have with respect to any Confidential Information, including but not limited to any claim of attorney-client privilege, work-product protection, or any other applicable privilege or protection. Disclosure of Confidential Information pursuant to this Agreement shall not constitute a determination by any party or non-party with respect to any legal right(s) that any party may have in any proceedings incident to the Action.

19.    **Reservation of Rights.** Tourprodenter reserves the right to seek a further protective order or other relief from the Court to limit the use or dissemination of Confidential Information beyond the protections afforded by the Protective Order and this Agreement.

I, the Receiving Person, declare under penalty of perjury that I have read and understand this Agreement in its entirety and agree to be bound by all of its terms, conditions, and obligations, and by all terms of the Protective Order, as if I were a "Party" thereto. I agree, under penalty of contempt, to comply with each of the foregoing provisions.

Executed this __ day of _____, 2026.
By:                          _____
Printed Name:                _____
Title:                       _____
Company/Organization:        _____
Address:                     _____
Telephone:                   _____
Email:                       _____

7

EXHIBIT 1 TO MOTION FOR PROTECTIVE ORDER