## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

IN RE PETITION OF GUILLERMO LUIS
TOFONI FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

Case No. 1:25-cv-01217-RGA

███████████████████

## PETITIONER'S *EX PARTE* MOTION TO REOPEN MATTER AND FOR AUTHORIZATION TO ISSUE ADDITIONAL SUBPOENAS

████████████████████████████

**STEVENS & LEE, P.C.**

Melissa N. Donimirski (# 4701)
919 North Market Street, Suite 1300
Wilmington, DE  19801
(302) 654-5180
melissa.donimirski@stevenslee.com

*Counsel for Petitioner Luis Guillermo Tofoni*

Dated: January 20, 2026

SL1 3975159v3 122623.00001

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

IN RE PETITION OF GUILLERMO LUIS
TOFONI FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

Case No. 1:25-cv-01217-RGA

**PETITIONER'S *EX PARTE* MOTION TO REOPEN MATTER AND FOR
AUTHORIZATION TO ISSUE ADDITIONAL SUBPOENAS**

Petitioner Guillermo Luis Tofoni hereby respectfully moves this Court to enter an order

reopening this matter and authorizing Petitioner to issue additional subpoenas to five respondents

located in this District that were not included in the original Petition for Judicial Assistance

Pursuant to 28 U.S.C. § 1782, filed October 5, 2025 (the "Petition"), which the Court granted on

October 10, 2025 (D.I. 6) (the "Order"). The proposed subpoenas ("Second Set of Subpoenas")

seek documents from (i) First Citizens Bancshares, Inc., (ii) PNC Bank, N.A., (iii) Wells Fargo &

Company, (iv) The Bank of New York Mellon Corporation, and (v) RBC US Group Holdings LLC

(collectively the "Additional Respondents"). They are identical to the ones previously served by

the undersigned on Bank of America, N.A. ("Bank of America"), Citibank, N.A. ("Citibank"), and

JPMorgan Chase Bank, N.A. ("JPMorgan Chase") (the "Original Respondents") pursuant to the

Order.  The Second Set of Subpoenas follows the discovery, through Bank of America's and

Citibank's document productions, that the Additional Respondents likely have information

relevant to the same foreign proceeding that was the subject of the Petition.

## I.      INTRODUCTION

On October 10, 2025, the Court granted the Petition of Guillermo Luis Tofoni for judicial

assistance to obtain discovery in aid of a breach of contract claim filed by the Petitioner against

SL1 3975159v3 122623.00001

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

the Argentine Football Association (*Asociación del Fútbol Argentino* or "AFA") in Argentina (the "Argentine Proceeding").  (D.I. 6).  The Petition details the nature and procedural posture of that proceeding (D.I. 3 at 1-3).  In summary, Petitioner and AFA entered into a contract that gives Petitioner the exclusive right to organize friendly soccer matches and tournaments involving the Argentine national soccer team from November 1, 2022, through December 31, 2030.  In exchange, Petitioner is to receive 30% of net profits from the matches. Since January 2023, AFA has cut Petitioner out of the process of organizing these matches, in breach of the parties' contract. Petitioner's investigation revealed that certain companies, including Tourprodenter LLC ("Tourprodenter"), Wintec Enterprise LLC, Global FC LLC, and Prosport Live LLC (collectively with AFA the "Companies") were used by AFA to arrange and collect funds from these matches. Petitioner sought information regarding these payments for use in the Argentine Proceeding to assist him in estimating his damages and pursuing post-judgment enforcement efforts.  The Order authorized the Petitioner to serve subpoenas on several banks where Petitioner believed that these Companies held accounts (the "First Set of Subpoenas"). Service of the First Set of Subpoenas was completed and the Original Respondents produced responsive documents. These productions confirmed that the Companies did in fact have multiple accounts not known to Petitioner at the time the Petition was filed.

Bank of America produced documents to Petitioner that revealed additional bank accounts held by Tourprodenter at First-Citizens Bank & Trust Company ("First Citizens Bank"), PNC Bank, Wells Fargo Bank, and The Bank of New York Mellon. For instance, statements produced by Bank of America for Tourprodenter's account ending in 0839 reflect:

- A wire transfer on April 25, 2024, to an account at First Citizens Bank, with "Tourprodenter" listed as the beneficiary.

2

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

- A wire transfer on June 28, 2024, to beneficiary "Tourprodenter LLC" at PNC Bank, which is described as a "transfer to my own business account."

- A wire transfer on December 27, 2024, to an account at Wells Fargo Bank, NA, with "Tourprodenter LLC" listed as the beneficiary.

- A wire transfer received on January 28, 2025, from an account at The Bank of New York Mellon, with "Tourprodenter LLC" listed as the sender.

Declaration of Melissa N. Donimirski in Support of Motion to Re-Open Case and for Authorization to Issue Additional Subpoenas ("2nd Donimirski Decl.") ¶¶ 5-10 and Exh. 1.

Additionally, Citibank produced documents to Petitioner that revealed a Global FC LLC account at City National Bank. A spreadsheet produced by Citibank containing wire transaction data involving the Companies and the account numbers listed in the document requests reflects that on August 9, 2024, Global FC LLC received a transfer into a City National Bank account. It appears that Citibank acted as an intermediary in this international wire transaction which originated from an unknown entity's account at Bank of Georgia. 2nd Donimirski Decl. ¶¶ 11-12.

Finally, JPMorgan Chase produced documents to Petitioner that revealed a Global FC LLC account at First Citizens Bank. The production included account statements for an account held by Global FC.  The account statements reflect a wire transfer on May 7, 2024, to beneficiary "Global fc LLC" at First Citizens Bank.  The beneficiary account is described as Global FC's "Own Account." 2nd Donimirski Decl. ¶¶13-14; Ex. 2.

Information about these accounts, like information about the Companies' accounts with the Original Respondents, is relevant to Petitioner's claims against AFA.  Accordingly, Petitioner respectfully requests leave to issue the Second Set of Subpoenas, attached as Exhibit 14 to the Second Donimirski Declaration.

3

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

## II.   ARGUMENT

### A.  The Case Is Properly Re-Opened for the Purpose of Adjudicating this Motion

Because administrative closure "is merely a case-management tool used by district court judges to obtain an accurate count of active cases," *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006), courts may grant motions to reopen matters to allow parties to adjudicate follow-on motions in the same case, especially where there is a close relationship between the relief granted and the relief now sought. *See In re Mizuho Fin. Grp., Inc.*, No. 2:23-MC-00025-SB-MAA, 2023 WL 12004754, at *1 (C.D. Cal. Aug. 28, 2023) (reopening § 1782 proceeding); *RSM Prod. Corp. v. Noble Energy, Inc.*, 357 F. Supp. 3d 592, 595 (S.D. Tex. 2019) (same).

This case was administratively terminated on October 10, 2025, following entry of the Order, and should now be re-opened for the purpose of adjudicating this Motion. The additional discovery that Petitioner seeks is the same discovery that it sought through the filing of the original Petition, and it is to be used for the same purpose.  Moreover, Petitioner learned of the need for this additional discovery from reviewing the document productions of the original respondents. This close relationship between the original relief sought and the present Motion justifies re-opening this matter.

### B.  The Requirements for Section 1782 Relief Are Satisfied

Courts decide whether to grant § 1782 applications in two steps. *See In re O'Keeffe*, 646 F. App'x 263, 265-66 (3d Cir. 2016). First, courts must assess whether a petition meets three statutory requirements: "(1) the person from whom discovery is sought 'resides or is found' within the district; (2) the discovery is 'for use in a proceeding before a foreign or international tribunal'; and (3) the application is made by an 'interested person.'" *In re Liverpool Ltd. P'ship,* No. 21-MC-86-CFC, 2021 WL 3793901, at *1 (D. Del. Aug. 26, 2021) (citing 28 U.S.C. § 1782(a)).

4

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

If the court determines the statutory requirements are satisfied, it next considers the four discretionary factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the § 1782(a) request is "unduly intrusive or burdensome." 542 U.S. 241, 264-65 (2004); *see also In re O'Keeffe*, 646 F. App'x at 266. Courts "should apply these factors in support of § 1782's 'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 696 (3d Cir. 2018) (quoting *Intel*, 542 U.S. at 252).

The opening Petition explains how both the statutory and discretionary factors are satisfied, such that Petitioner should be permitted to seek discovery from the respondents in support of the Argentine Proceeding, and the Court agreed when it granted the Petition. For the same reasons, Petitioner's counsel should be authorized to issue the Second Set of Subpoenas.

The statutory requirements are satisfied. The Court has already determined that the second and third statutory requirements are satisfied, namely that the information that Petitioner seeks is "for use" in the Argentine Proceeding, and Petitioner is an "interested person" in that proceeding because he is the Claimant.

The first requirement is also satisfied because the Additional Respondents are all "found in" this District. First-Citizens Bank & Trust Company is the banking subsidiary of First Citizens

5

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

Bancshares, Inc., which is a Delaware corporation. 2nd Donimirski Decl. ¶ 16; Exs. 3, 4. PNC Bank is a national bank chartered in Wilmington, Delaware, with its corporate headquarters at 222 Delaware Avenue, Wilmington, DE 19899. 2nd Donimirski Decl. ¶ 17; Exs. 5, 6, 7. Wells Fargo Bank, N.A. is a subsidiary of Wells Fargo & Company, which is a Delaware corporation. 2nd Donimirski Decl. ¶ 18; Exs. 8, 9. The Bank of New York Mellon is a subsidiary of The Bank of New York Mellon Corporation, which is a Delaware corporation. 2nd Donimirski Decl. ¶ 19; Exs. 10, 11. City National Bank is a subsidiary of RBC US Group Holdings LLC, which is a Delaware corporation. 2nd Donimirski Decl. ¶ 20; Exs. 12, 13. The first statutory requirement is therefore satisfied.

To the extent that the Petitioner seeks discovery that may reside with the Additional Respondents' banking subsidiaries, the documents sought are within the possession, custody, and control of their Delaware-incorporated parent corporations under Federal Rule of Civil Procedure 34(a)(1). Petitioner may therefore properly subpoena the parent company to obtain these records. *See In re Liverpool Ltd. P'ship,* 2021 WL 3793901, at *1 ("[T]he first condition of § 1782 is satisfied here. … BAC [Bank of America Corporation] is a Delaware corporation and the parent of BofA Securities; documents that 'reside' with BofA Securities are nonetheless in BAC's possession, custody, and control.").

The discretionary factors are satisfied. For the same reasons explained in the Petition (at 10-13), the *Intel* discretionary factors also weigh in favor of authorizing Petitioner to seek discovery from the Additional Respondents. First, none are parties to the Argentine Proceeding. Second, Argentine courts are receptive to the assistance of U.S. courts. Third, this request does not circumvent any prohibitions on proof-gathering, as it seeks bank statements and other account documentation, which are an admissible form of evidence in Argentina. Fourth, the discovery

6

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

sought is narrowly tailored. Petitioner seeks only account information relating to the Companies during a three-year time period from five banking institutions that appear to have held their accounts.

### C. This *Ex Parte* Motion is the Appropriate Vehicle for Petitioner's Request

Following the granting of a Section 1782 petition, courts have authorized the issuance of additional subpoenas upon motion by the Petitioner. *See, e.g., In re Pons*, No. 1:19-MC-23236, 2020 WL 5355967, at *10 (S.D. Fla. Sept. 7, 2020); *In re Kim*, No. 24-MC-80290-BLF, 2025 WL 1533134, at *1 (N.D. Cal. May 29, 2025); *In re Fialdini*, No. 21-MC-0007-WJM-NYW, 2021 WL 411105, at *4-5 (D. Colo. Feb. 5, 2021). Accordingly, the Court can—and should, for the reasons explained above—grant the requested relief.

It is also appropriate to adjudicate the Motion, like the Petition, *ex parte*, as is the normal course in Section 1782 proceedings. *See In re Financialright Claims GmbH*, No. 24-3171, 2025 WL 2977513, at *6 (3d Cir. Oct. 22, 2025) (observing that § 1782 proceedings differ from normal civil actions because they are "initiated without pleading or summons" and "granted without notice"); *In re Hornbeam Corp.*, 722 F. App'x 7, 10 (2d Cir. 2018) (no "impropriety in the *ex parte* nature of the § 1782 application"); *In re Kim*, 2025 WL 1533134, at *2 (granting *ex parte* motion to authorize additional subpoenas and noting "[i]t is common for § 1782 applications to be considered on an *ex parte* basis"); *In re Fialdini*, 2021 WL 411105, at *1 (granting in part petitioner's *ex parte* motion for leave to issue additional subpoenas).

## III.    CONCLUSION

For these reasons, Petitioner respectfully requests this Court enter an Order (i) reopening the case for the limited purpose of considering this Motion; (ii) granting the Motion; (iii) authorizing Petitioner to issue the Second Set of Subpoenas, attached as Exhibit 14 to the Second

7

SL1 3975159v3 122623.00001

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

Declaration of Melissa Donimirski; (iv) authorizing Petitioner to seek leave to issue any additional subpoenas *duces tecum* that may be revealed to be necessary through the discovery produced in this proceeding; and (v) granting any such further relief as this Court deems appropriate.

**STEVENS & LEE, P.C.**

 */s/ Melissa N. Donimirski*
Melissa N. Donimirski (# 4701)
919 North Market Street, Suite 1300
Wilmington, DE  19801
(302) 654-5180
melissa.donimirski@stevenslee.com

*Counsel for Petitioner Luis Guillermo Tofoni*

Dated: January 20, 2026

8

SL1 3975159v3 122623.00001

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

IN RE PETITION OF GUILLERMO LUIS
TOFONI FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

Case No. 1:25-cv-01217-RGA

## [PROPOSED] ORDER GRANTING PETITIONER'S EX PARTE MOTION TO REOPEN MATTER AND FOR AUTHORIZATION TO ISSUE ADDITIONAL SUBPOENAS

The Court, having considered the Petitioner's *Ex Parte* Motion to Reopen Matter and for Authorization to Issue Additional Subpoenas (the "Motion"), together with the Declaration and exhibits filed in support thereof, and for good cause shown,

IT IS HEREBY ORDERED that:

1.    The Motion is GRANTED; and

2.    Melissa N. Donimirski, Esq. of Stevens & Lee, P.C. is hereby appointed Commissioner of the Court with the power to issue subpoenas to First Citizens Bancshares, Inc., PNC Bank, N.A., Wells Fargo & Company, The Bank of New York Mellon Corporation, and RBC US Group Holdings LLC, requiring them to produce documents within their possession, custody, or control. Petitioner may seek leave to issue any additional subpoenas *duces tecum* that may be revealed to be necessary through the discovery produced in response to the subpoenas.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2026

SL1 3975630v1 122623.00001

EXHIBIT 4 TO MOTION FOR PROTECTIVE ORDER