**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| **IN RE PETITION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | Case No. 4:25-cv-00313-CDL |

**PETITIONER'S MOTION FOR AN ENLARGEMENT OF TIME**
**TO RESPOND TO INTERVENOR TOURPRODENTER, LLC'S**
**MOTION FOR PROTECTIVE ORDER**

COMES NOW Petitioner Guillermo L. Tofoni, by and through undersigned counsel, and respectfully moves for a six-day extension of time to respond to Tourprodenter, LLC's Motion for Protective Order (Doc. 9).

On March 26, the Court issued an Order (Doc. 7) in response to Tourprodenter's Motion to Intervene (Doc 8). The Court's Order requires Petitioner to respond to the Motion for Protective Order within seven days, or by Tuesday, April 1, and reflects concern about Tourprodenter's claim that it was not notified of the subpoena issued to respondent Synovus Bank.

As an initial matter, the undersigned wishes to clarify that Tourprodenter is not a party to any proceeding in which Petitioner is involved, except to the extent it has just now intervened in this proceeding and another related section 1782 proceeding pending in the U.S. District Court for the District of Delaware. The

1

Court's Order cites FRCP 45(a)(4) as requiring notice to Tourprodenter of the subpoena, but Petitioner understands that rule to only require notice to a "party." Moreover, beginning on October 20, 2025, Tourprodenter was notified of the subpoenas by some if not all of the banks that Petitioner subpoenaed, and Tourprodenter knew by December 2025 that the subpoenaed documents were being used in Argentina.

Petitioner has consistently taken the position that he does not oppose Tourprodenter's intervention in this matter or the entry of a reasonable protective order.  Tourprodenter omits from its description of the interactions between the parties that, following an initial meet and confer, counsel for Petitioner provided a markup of both the Motion to Intervene and the accompanying proposed protective order, to which Petitioner was willing to stipulate.

Tourprodenter did not engage with Petitioner's proposed markup so as to resolve this matter without the necessity of Court intervention, but instead simply stated that there was no agreement between the parties and filed the Motion to Intervene.  Tourprodenter also did not at any time confer with the undersigned regarding its request for an expedited briefing schedule.

While Petitioner does not oppose the entry of a reasonable confidentiality order, the motions misrepresent certain key points, and the proposed confidentiality

order is overly broad and seeks to restrain Petitioner from the proper use of documents obtained under 28 U.S.C § 1782.

There is also no basis for expedited briefing of the Motion for Protective Order, since Tourprodenter was notified five months ago that its bank records had been subpoenaed, and has been on notice for at least three months that the subpoenaed documents were being used in Argentina. It now seeks expedited relief to undo actions that were taken during its delay.

Moreover, while Petitioner is prepared to respond to the Motion for Protective Order in a timely fashion, he must obtain at least one sworn declaration relating to the actions pending in Argentina and does not believe that he will be able to reasonably do so on the timeframe set forth by the Court. In addition, when Tourprodenter moved to intervene in this proceeding, it also moved to intervene in a separate 1782 proceeding in the Delaware District Court, through which Petitioner subpoenaed eight additional banks. The Delaware District Court granted an extension to Petitioner until April 7 to respond to the request for a protective order in that case.

Petitioner respectfully submits that the goals of efficiency and consistency would be best served by applying the same deadline here. The use of the documents to date cannot be undone, whether on an expedited basis or not, and Petitioner

understands that, in the interim, the documents may only be used in the pending proceedings in Argentina.

Accordingly, pursuant to the foregoing, Petitioner respectfully requests an additional six days, until Tuesday, April 7, 2025, to file his opposition to the Motion for Protective Order.

A proposed Order is attached.

Respectfully submitted this 27th day of March 2026.

**Grubman Warner Berry LLP**

*/s/ Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171
sgrubman@cglawfirm.com

*Counsel for Petitioner*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that om March 27, 2026, the foregoing was filed with the Court's CM/ECF system that will serve a true and correct copy with all counsel of record.

**Grubman Warner Berry LLP**

*/s/ Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171
sgrubman@cglawfirm.com

*Counsel for Petitioner*