**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

IN RE APPLICATION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Case No. 4:25-cv-00313-CDL

**TOURPRODENTER, LLC'S REPLY TO PETITIONER'S OPPOSITION TO TOURPRODENTER LLC'S MOTION FOR PROTECTIVE ORDER**

**I.  APPLICANT MISREPRESENTS THE RECORD AND DOWNPLAYS HIS MISCONDUCT NECESSITATING PROSPECTIVE AND REMEDIAL RELIEF**

This case is about a § 1782 applicant's ongoing effort to weaponize discovery obtained through misrepresentations about its intended use to circumvent applicable law—including to fuel an extortionate media campaign—despite knowing that this Court has not authorized such use.

Guillermo Luis Tofoni ("Tofoni") filed an *ex parte* petition seeking broad discovery from Synovus Bank. *See* (ECF No. 1); (ECF No. 1-3) at 1.[1] His application, supported by sworn declarations from Argentine and U.S. counsel, unequivocally represented that the requested discovery was sought for use in a specific Argentine civil case: *Tofoni, Guillermo Luis c/ Asociación de Futbol Argentino A.F.A. s/ Cumplimiento de Contrato* (the "AFA Case"). *See* (ECF Nos. 1-4, 1-6). The Court granted the petition in reliance on those representations and expressly limited any use of the discovery to "the limited purposes described in the Petition"—that is, use solely in the AFA Case. (ECF No. 3) at 1. But instead of adhering to that limitation, Tofoni began

---

[1]  At the same time, Tofoni filed a parallel § 1782 petition in the United States District Court for the District of Delaware—In re Petition of Guillermo Luis Tofoni for Judicial Assistance Pursuant to 28 U.S.C. § 1782, Case No. 1:25-cv-01217—through which he also sought to obtain evidence from different banks for use in the same AFA Case.

using the discovery on December 30, 2025, in a separate criminal proceeding—an effort to revive a previously dismissed criminal case in Argentina against Tourprodenter's principals and other individuals (the "Criminal Case"). (ECF No. 4-2) (the "Rusconi Decl."), ¶ 5; Second Declaration of Maximiliano Rusconi, attached as **Exhibit "1"** (the "Second Rusconi Decl."), ¶ 15-19.  Tofoni did not disclose his true motive to this Court, likely because Argentine law bars him from obtaining such discovery. *Id.*, ¶¶ 20-21. He also repeatedly and selectively leaked discovery materials to certain newsletters in Argentina to advance his monetary claims against the AFA—conduct the opposition brief does not address and that continues to this day. *See* (ECF No. 9-7, 9-8; *see also* **Exhibits "2"–"4"** (Argentine press reports from La Nación and Clarín publishing Tourprodenter's confidential financial information obtained through U.S. discovery after the filing of the motion for protective order).

Contrary to his initial representations, Tofoni cannot presently use any of the discovery in the AFA Case, as his Argentine former counsel, Francisco Castex, now admits. (ECF No. 18-1), ¶ 2; Second Rusconi Decl., ¶ 8.[2] More specifically, Mr. Castex acknowledges that the § 1782 discovery was sought prematurely, as the AFA Case has not reached the stage at which it can be used—and may never do so. *Id*

Any suggestion of good faith collapses in light of the Court's Order granting Tofoni's petition. His Opposition incorrectly asserts that "[t]here was no restriction on Mr. Tofoni using the discovery for other permissible purposes." (ECF No. 18 at 3). That is false. The Court expressly authorized discovery only for "the limited purposes described in the Petition"—i.e., for use solely

---

[2]    After submitting his affidavit in support of Tofoni's opposition to Tourprodenter's motion for protective order, Mr. Castex resigned as counsel for Mr. Tofoni citing "professional" reasons. Second Rusconi Decl., ¶ 8.

in the AFA Case. (ECF No. 3 at 1). Tofoni's attempt to recast that clear limitation is contrary to the record and cannot withstand scrutiny.

Moreover, Tourprodenter did not learn of Tofoni's misuse of the discovery immediately, as the opposition suggests.  It was not until February 19, 2026 that Tofoni first confirmed in the Criminal Case that the financial information attached to his filings came from *ex parte* U.S. discovery. Rusconi Decl., ¶ 6. Around that same time, Argentine media began publishing Tourprodenter's confidential financial information and attributing it to U.S. discovery proceedings. *See* (ECF No. 9-7, 9-8). Tourprodenter also did not receive notice of the subpoenas from its banks. Nor, prior to that point, did the Petition—on its face—provide any indication of misuse.

Upon learning of the misuse and public dissemination of its confidential information, Tourprodenter acted promptly after retaining U.S. counsel. On March 11, 2026, it initiated conferral efforts with Tofoni's counsel, advising them of its intent to intervene and seek a protective order. *See* March 11, 2026 email from J. Coronado to M. Donimirski, attached as **Exhibit "5."** Those efforts failed not for lack of cooperation, but because time was of the essence, and because Tofoni rejected any remedial measures and insisted on a vague protective order permitting use of the materials for any purpose "authorized under 28 U.S.C. § 1782," effectively expanding the scope of permissible use beyond the AFA Case—the only use this Court authorized. *See* March 23, 2026 email from G. Gazso von Klingspor to M. Donimirski, attached as **Exhibit "6."**

Additionally, despite knowing that Tourprodenter objected to uses beyond the AFA Case, Tofoni continued to disseminate portions of the discovery to the Argentine media, *see* Exhibits "2"–"3," and used those materials to file a new administrative petition before the Central Bank of

Argentina, *see* Exhibit "4." This accelerated misuse underscores the need for relief and appears to be a misguided attempt to outpace Tourprodenter's Motion.

## II.    TOFONI'S IMPROPER REQUEST TO EXPAND HIS § 1782 APPLICATION SHOULD BE DENIED.

Tofoni does not oppose the entry of a protective order limiting the dissemination of Tourprodenter's information. However, he seeks to have this Court ratify his misuse of the § 1782 materials and grant him *carte blanche* to continue doing so in the Criminal Case and "any other proceeding permissible under § 1782." (ECF No. 18) at 3, 5-7. Accordingly, he objected to the language proposed by Tourprodenter limiting use of such materials to the AFA Case. *See* (ECF No. 18-2) ¶ 5. Tofoni further argues that he could have obtained this Court's leave to use the discovery in the Criminal Case, and therefore Tourprodenter's proposed limitation is now unnecessary, yet he fails to explain why he waited until his misuse was raised here or why the Court should credit his assertion that the materials will be used for legal proceedings in Argentina. After all, the Opposition is silent as to Tofoni's misuse of the materials for his media campaign and his prior representation to the Court that they would be used in the AFA Case, even though the discovery materials have not been introduced in that case. (ECF No. 18-1) ¶ 2.

In any event, an opposition brief is not the proper vehicle for amending Tofoni's petition. An applicant seeking to use § 1782 materials in a different foreign proceeding should file a new application. *See In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007); *see also In re BAPA Holdings, Corp.*, No. 22-mc-20504, 2025 U.S. Dist. LEXIS 65686, at *19 (S.D. Fla. Apr. 4, 2025) (proposals to expand the use of § 1782 materials to new proceedings "have the practical effect of a new § 1782 application" requiring independent analysis). This Court's own Order Granting the *Ex Parte* Petition is clear: the Commissioner was authorized to subpoena Synovus Bank "***for the limited purposes described in the Petition***." (ECF No. 3) ¶ 2 (emphasis added). The only purpose

4

described was damages calculation in the AFA Case. (ECF No. 1) at 1. Additionally, because Tofoni now seeks to use the discovery in additional foreign proceedings, such request may require additional notice to all interested parties. *See In re Hanna*, No. 25-MC-00225, 2025 U.S. Dist. LEXIS 211619, at *15-16 (S.D.N.Y. Oct. 27, 2025) (recommending applicant "be required to serve notice of any amended Section 1782 application" on the subpoena target).[3]

Moreover, Tofoni fails to satisfy the relevant § 1782 statutory and discretionary factors.

### A.      The Discovery is Not "For Use" In Any Argentine Proceeding.

Applicants must show that § 1782(a) discovery is "for use in a proceeding in a foreign or international tribunal," through specific, non-conclusory assertions. *See In re Application of Jagodzinski*, No. 18-20606-MC, 2019 U.S. Dist. LEXIS 7827, at *15-17 (S.D. Fla. Jan. 15, 2019). A placeholder reservation of use for some later time is insufficient. *See In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). Thus, an applicant must provide reliable foreign-law evidence demonstrating use in the foreign tribunal. *In re Valech N. Am., LLC*, No. 1:20-mc-23408-WPD, 2020 U.S. Dist. LEXIS 245779, at *20-25 (S.D. Fla. Dec. 31, 2020). Section 1782 requests must be evaluated with respect to the specific foreign proceeding for which discovery is sought. *See Clerici*, 481 F.3d at 1331-32. But Tofoni has failed to show that the discovery materials are "for use" in the Criminal Case—the proceeding he identifies in his opposition brief, supported only by an affidavit from his former counsel, Mr. Castex.

According to Mr. Castex, Tofoni has been recognized as a "complainant" in the Criminal Case and, on that basis, claims *carte blanche* authority to use the § 1782 materials in that case. *See*

---

[3]      *See also In re Hornbeam Corp.*, No. 14-mc-424, 2015 U.S. Dist. LEXIS 142361, at *18 (S.D.N.Y. Sept. 17, 2015) (applicant "was obligated to provide notice to its expected adversaries before issuing subpoenas to third parties"); *Jiangsu S.S. Co. v. Success Superior Ltd.*, No. 14-cv-9997, 2015 U.S. Dist. LEXIS 18388, at *21 n.1 (S.D.N.Y. Jan. 6, 2015) (collecting cases).

(ECF No. 18-1). However, nothing in the record establishes Mr. Castex's qualifications to opine on Argentine criminal procedure, and his declaration does not cite a single Argentine statute or other legal authority supporting that § 1782 discovery materials could be introduced in the Criminal Case. *See id.* Further, Mr. Castex's assertions are refuted by Mr. Rusconi, who confirms that no Argentine court has authorized Tofoni to obtain or use these materials in the Criminal Case. Second Rusconi Decl., ¶ 6. Under Argentine criminal procedure, a private complainant cannot unilaterally compel bank records. *Id.* Mr. Rusconi further explains that Argentine courts would likely refuse to admit the banking information obtained by Tofoni. *Id.*, ¶¶ 16-17. Finally, the very foundation of Tofoni's participation in the Criminal Case is now in question. Notably, he secured his designation as "complainant" through misrepresentations to the Argentine court that U.S. judicial authorities had found his claims viable. *Id.*, ¶¶ 7-10.

Because Mr. Castex lacks demonstrated expertise, is no longer Tofoni's counsel, offers no citation to governing law, and is contradicted by credible foreign-counsel testimony, his assertions about the use of Tourprodenter's information in the Criminal Case should not be credited, and Tofoni should not be granted *carte blanche* permission to use the information however he pleases. *See Clerici*, 481 F.3d at 1331-32; *Jagodzinski*, 2019 U.S. Dist. LEXIS 7827, at *15-17.

> **B.    The Discretionary *Intel* Factors Weigh Against Expanding Use Beyond the AFA Case.**

At the outset, Tofoni seeks to "circumvent foreign proof-gathering restrictions." *Intel*, 542 U.S. at 265. *Fuhr v. Credit Suisse AG*, 687 F. App'x 810, 815-16 (11th Cir. 2017). *See also El Poder Del Consumidor v. Coca-Cola Co.*, No. 1:24-cv-03665-TWT-RDC, 2024 U.S. Dist. LEXIS 197146, at *13-19 (N.D. Ga. Oct. 30, 2024) (finding circumvention where applicant bypassed available foreign procedures). This likely explains why he pursued discovery here under the pretext of the AFA Case.  Under Argentine criminal procedure, a private complainant cannot unilaterally

compel bank records. Second Rusconi Decl. ¶ 6. Rather, such requests must be presented to and authorized by a judicial authority upon a showing of relevance and proportionality. *Id.* Additionally, Argentine courts would likely refuse to admit the banking information obtained by Tofoni on the ground that it was obtained in violation of due process and through misrepresentations. *Id*. ¶¶ 16-17.

The remaining discretionary factors also weigh against expansion. First, although Tourprodenter is not a named target in the Criminal Case, its principals are named targets, and Tourprodenter was a target in the 2023 criminal case that Tofoni now seeks to resurrect. Second Rusconi Decl. ¶¶ 5-6; *see Intel*, 542 U.S. at 264. Courts have rejected Tofoni's formalistic reading of whether a respondent is a party to the foreign proceeding. *SPS Corp. I v. GM Co.*, 110 F.4th 586, 591-92 (3d Cir. 2024) (where "discovery sought is . . . in the possession of a party subject to the [foreign] courts' jurisdiction . . . it is obtainable there without § 1782(a) aid"); *accord In re Inmobiliaria Tova S.A.*, No. 1:20-mc-24981, 2021 U.S. Dist. LEXIS 236498, at *5-6 (S.D. Fla. Mar. 10, 2021) (first factor weighs against § 1782 application where "discovery is fundamentally being sought from a participant in the [foreign] proceeding" through a related entity). Second, Argentine criminal courts are unlikely to be receptive to the discovery obtained by Tofoni. Argentine courts will likely exclude the § 1782 materials obtained by Tofoni under Argentine criminal procedure. Second Rusconi Decl. ¶¶ 14-15.  In fact, Argentine criminal courts have already declined to consider some of the materials submitted by Tofoni and instead opted to request the information directly from U.S. authorities. *Id.* ¶¶ 6, 16-17. Third, Tofoni did not seek targeted discovery from this Court.  His subpoena demanded account-level records, KYC materials, and complete transaction histories without any subject-matter limitation tying the requests to the AFA Case. The Northern District of Georgia recently denied a § 1782 application on precisely that basis,

holding that discovery requests are "unduly broad and burdensome" where they are not sufficiently tied to the scope of the identified foreign proceeding and fail the fourth *Intel* factor. *El Poder Del Consumidor v. Coca-Cola Co.*, No. 1:24-CV-3665-TWT-RDC, 2025 U.S. Dist. LEXIS 28977, at *6 (N.D. Ga. Feb. 19, 2025) (adopting report and recommendation denying § 1782 application where "the unknown scope of any [foreign] investigation" rendered petitioner's discovery requests overbroad).

### III.   TOFONI'S OBJECTIONS TO THE PROPOSED REMEDIAL MEASURES LACK MERIT.

Tofoni raises two objections to the remedial measures proposed by Tourprodenter, including provisions requiring him to cease further dissemination of the materials and to take reasonable steps to notify recipients and retrieve or secure the return or destruction of improperly disclosed materials. *See* (ECF No. 18-2).  He alleges that Tourprodenter waited too long before seeking remedial measures and that the proposed claw-back provisions are burdensome to Tofoni. (ECF No. 18) at 7. Neither of these objections has merit.

On the issue of timing, Tofoni speculates that the banks notified Tourprodenter of his subpoenas in October 2025. (ECF No. 18) at 1-2. However, he provides no evidence to support that allegation. Moreover, Tourprodenter did not learn of Tofoni's misuse of the § 1782 materials until February 2026. (ECF No. 9-6) ¶ 6. Tourprodenter then promptly retained counsel, contacted Tofoni's counsel, and filed its Motion.[4] Tofoni relies on *Webb v. Butler*, No. 5:18-CT-3127-FL, 2021 WL 10364882 (E.D.N.C. Sept. 14, 2021), where the court declined remedial relief after a plaintiff waited over five months with knowledge of misuse before seeking a protective order.

---

[4]    This Court's Order speaks to the point: "the Court expected that Tofoni would notify movant intervenor of the subpoena so that movant intervenor could object and/or move to quash the subpoena." (ECF No. 8). Tofoni did not do so.

(ECF No. 18) at 7. But *Webb* supports Tourprodenter's position: the law requires prompt action upon discovering misuse—and that is precisely what occurred here.

Additionally, the misuse of Tourprodenter's information is ongoing. Three additional media articles—published on March 27, April 4, and April 11, 2026—reflect that Tofoni continued to disseminate this information to certain media outlets after Tourprodenter filed its Motion. *See* Exhibits "2"-"4." He also appears to have submitted the materials to the Central Bank of Argentina in a recent administrative filing. *See* Exhibit "4."

Tofoni's objection that the proposed claw-back provisions are burdensome is conclusory. District courts have broad discretion under Rule 26(c) to craft protective orders preventing the abuse of discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35-36 (1984); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987) ("A district court has broad discretion when fashioning protective orders."). That authority applies with equal force in § 1782 proceedings and necessarily encompasses remedial measures—including notification, return, and destruction requirements—where, as here, confidential materials have already been improperly disseminated. *See Hornbeam Corp. v. Halliwell Assets, Inc. (In re Hornbeam Corporation's Request)*, 790 F. App'x 199, 201 (11th Cir. 2020) (vacating § 1782 discovery order and remanding for district court to determine "whether the discovery already obtained should be destroyed"); *Cunningham v. Jordan*, No. 1:22-cv-1419, 2024 U.S. Dist. LEXIS 42737, at *6 (N.D. Ga. Feb. 20, 2024) (ordering plaintiff to "immediately and permanently delete and destroy any and all private banking information" obtained through subpoenas to non-parties). Here, the proposed order requires Tofoni to take reasonable steps to notify recipients and to retrieve or secure the return or destruction of improperly disclosed materials—standard provisions where confidential information is subject to improper dissemination. *See Cunningham*, 2024 U.S. Dist. LEXIS 42737,

at \*6; *McCarthy v. Barnett Bank*, 876 F.2d 89, 90-92 (11th Cir. 1989) (upholding protective order over confidential financial records, including bank transactions and financial statements). While complete recovery of the information may no longer be feasible because Tofoni shared the information with third parties, the Court's flexibility in crafting protective orders allows it to contain ongoing harm, regardless of whether a complete remedy remains available. *Alexander Grant*, 820 F.2d at 357; *Seattle Times*, 467 U.S. at 35-36.

Requiring Tofoni to identify the recipients of the improperly disclosed materials, notify them of the Court's protective order, and certify the reasonable steps he has taken to retrieve or secure their return of the information will assist Tourprodenter in curbing further improper dissemination and mitigating harm to its privacy and business interests. At a minimum, it will provide transparency as to the scope of the unauthorized disclosures and enable Tourprodenter to take additional steps to protect its interests where necessary.

## CONCLUSION

Based on the foregoing points and authorities, Tourprodenter respectfully requests that the Court grant the relief sought within its Motion For Protective Order, (ECF No. 9), and deny the relief Tofoni seeks in his Opposition, (ECF No. 18).

**Clark Hill PLC**
3630 Peachtree Road N.E., Suite 700
Atlanta, GA 30326
Telephone: (470) 845-0207

By: */s/ Lewis P. Perling*
Lewis P. Perling (Georgia Bar No. 572379)
Attorney Email: lperling@clarkhill.com

**DIAZ REUS INTERNATIONAL LAW FIRM**
100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

By: */s/ Javier Coronado Diaz*
Javier Coronado Diaz (Fla. Bar No. 1047848)
Attorney Email: jcoronado@diazreus.com
(Admitted pro hac vice)
Michael Diaz, Jr. (Fla. Bar No. 606774)
Attorney Email: mdiaz@diazreus.com
(Admitted pro hac vice)
Gabor Gazso von Klingspor (Fla. Bar No. 1058977)
Attorney Email: ggazso@diazreus.com
(Admitted pro hac vice)
John Q. Foster (Fla. Bar No. 1059167)
Attorney Email: jfoster@diazreus.com
(Admitted pro hac vice)


*Counsel for Tourprodenter, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on April 14, 2026 with the

Court's CM/ECF system, which will serve a true and correct copy thereof on all counsel of record.

*/s/ Javier Coronado Diaz*
Javier Coronado Diaz

11