**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

IN RE PETITION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Case No. 4:25-CV-313

**TOURPRODENTER, LLC'S MOTION FOR RECONSIDERATION OF ORDER ALLOWING SUR-REPLY OR, ALTERNATIVELY, FOR EXPEDITED BRIEFING SCHEDULE**

Tourprodenter, LLC ("Tourprodenter") is frustrated by Guillermo Luis Tofoni's ("Tofoni") continued stalling in this matter. Tourprodenter moved for a protective order to prevent Tofoni from improperly using the discovery that he received as a result of his petition in this court. Tofoni continues to disseminate the information in Argentina outside of the permitted uses and needs to be stopped. Time is of the essence.

The Motion for Protective Order is fully briefed and ripe for a ruling. Tofoni, however, wants to delay the process and asked the Court for permission to file another brief. As set forth below, however, the proposed sur-reply is not proper and does not identify any new matters raised for the first time in Tourprodenter's Reply in Further Support of Its Motion for Protective Order, (ECF No. 20) (the "Reply"). The proposed sur-reply is simply an attempt to repeat arguments or respond where Petitioner previously eschewed a response and is now having second thoughts.

Therefore, Tourprodenter respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule 7.6, to reconsider its Order dated April 20, 2026, (ECF No. 22) (the "Order"), granting Tofoni's Motion for Leave to File Sur-Reply, (ECF No. 21) (the "Motion"). Alternatively, Tourprodenter respectfully requests an expedited briefing schedule requiring Tofoni to file his sur-reply no later than April 24, 2026.

## ARGUMENT

### I.    LEGAL STANDARD

Under Rule 54(b), a district court retains plenary authority to reconsider its interlocutory, non-final orders, and the exercise of that authority is reviewed for abuse of discretion. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024); Fed. R. Civ. P. 54. Motions seeking reconsideration of interlocutory orders are "not subject to the limitations of Rule 59." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (citation omitted). Such motions are instead "adjudicated by the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires." *Med. Buyers Grp. LLC v. Pence*, No. 3:25-cv-00105-TES, 2026 U.S. Dist. LEXIS 7899, at *3-4 (M.D. Ga. Jan. 15, 2026) (citation omitted). Reconsideration is accordingly granted to correct clear error or prevent manifest injustice. *Hudson Specialty Ins. Co. v. Snappy Slappy LLC*, No. 5:18-cv-00104-TES, 2019 U.S. Dist. LEXIS 73706, at *2, 7-8 (M.D. Ga. May 1, 2019) (granting motion for reconsideration and vacating prior order "to correct a clear error.").

### II.    RECONSIDERATION IS WARRANTED BECAUSE THE MOTION DOES NOT IDENTIFY ANY NEW MATTER RAISED FIRST IN THE REPLY

The Order rests on the implicit factual premise that the five points Tofoni identifies in the Motion constitute new matter raised for the first time in the Reply. That premise is incorrect. Filed three days after Tourprodenter's Reply, the Motion identifies no material new evidence, facts, or arguments raised for the first time in the Reply—and therefore provides no basis for a sur-reply. *See Abdullah v. Equity Grp.-Georgia Div., LLC*, No. 1:05-CV-75 (WLS), 2006 U.S. Dist. LEXIS 74721, at *2-3 (M.D. Ga. Oct. 12, 2006) (leave to file a sur-reply is disfavored and granted only in such narrow circumstances). Instead, the Motion improperly seeks to reargue Petitioner Guillermo Luis Tofoni's Opposition within five pages, attaching new materials that would invite

2

additional briefing, delay resolution of this matter despite its expedited nature, and permit continued misuse of the discovery without limitation in the interim.

Notably, each of Tofoni's five purported "corrections" either repeats arguments raised in Tourprodenter's Motion for Protective Order, (ECF No. 9) (the "Motion for Protective Order"), and ignored in Tofoni's Opposition, (ECF No. 18) (the "Opposition"), or relies on Tofoni's own submissions in the record:

*Mr. Castex's Former Role in Tofoni's Legal Team* (ECF No. 21 at 2).  His prior declaration describes him as "part of the legal team representing Mr. Tofoni" on his claims against AFA. (ECF No. 1-4) at 1 ¶ 4. The Reply's observation that Mr. Castex is not counsel of record for Tofoni in the AFA Case is not inconsistent with that description and presents no issue warranting further briefing. Tourprodenter has also reviewed Mr. Castex's resignation in Argentina, and the stated "professional" reasons are precisely as represented in the Reply. There is nothing new or material to address or correct; if anything, the proposed sur-reply would only underscore that Tofoni obtained this Court's authorization to take discovery based on the affidavit of an individual who was not counsel of record in the AFA Case.

*Tofoni's misrepresentations to the Argentine Courts* (ECF No. 21 at 2-3). This is not a new issue meriting a sur-reply. The First Rusconi Declaration identified Tofoni's February 19, 2026 filing before the Argentine criminal court, in which Tofoni represented that U.S. judicial authorities had concluded that his claim was "legally supportable," and that this implied "a prior recognition of standing and of the existence of a possible direct financial harm." (ECF No. 4-2) at 2 ¶ 6. *See also* (ECF No. 20) at 3. Tourprodenter has reviewed the February 19, 2026 filing in Argentina, and confirms that it contains the representations described in the Rusconi Declaration. Tofoni had the

3

opportunity to address this issue in his Opposition but chose not to—and cannot use a sur-reply to do so now.

*Tofoni's Continued dissemination of discovery materials in Argentina* (ECF No. 21 at 3). Nor is this a new issue. Tourprodenter raised this conduct in its Motion for Protective Order, (ECF No. 9) at 6-7. Tofoni did not contest it in his Opposition. The Reply addressed the continued publications and Tofoni's reported administrative complaint in response to his contention that the Court's intervention is now moot and that all use has been limited to the proceedings authorized by this Court. *See* (ECF No. 20) at 1-4; (ECF Nos. 20-2, 20-3, 20-4).

*Section 1782's "for use" requirement* (ECF No. 21 at 3). This issue was not raised for the first time in the Reply. Tourprodenter raised the point in its Motion for Protective Order, supported by the First Rusconi Declaration, (ECF No. 9) at 6 ¶ 15; (ECF No. 9-6) at 2-3 ¶ 9 (no Tourprodenter financial documents submitted in the AFA Case). The argument in the Reply regarding the Section 1782 "for use" requirement also rests on Tofoni's own submission: the Second Castex Declaration concedes that the AFA Case "is not currently in the appropriate procedural posture for Mr. Tofoni to use the discovery." (ECF No. 18-1) at 2 ¶ 2.

*The Motion's statements about an ongoing criminal scheme* (ECF No. 21 at 4). These assertions are neither new nor supported. Tofoni advanced the same narrative in his Opposition, (ECF No. 18) at 2, 4-5, and Tourprodenter addressed it in its Reply. (ECF No. 20) at 1-4, 6-7. No court has made any such finding, no charges have been filed against Tourprodenter or its principals, and no evidence substantiates the claim. Such unsupported and inflammatory assertions are improper and do not warrant further briefing. Rather, they underscore the risk that Tofoni is taking Tourprodenter's financial information out of context and deploying it in unauthorized proceedings

and media campaigns—the very conduct Tourprodenter's Motion for Protective Order seeks to prevent.

Tofoni's five "corrections" identify no new matter raised for the first time in the Reply. The Order's factual premise is therefore wrong, and reconsideration is warranted to correct that clear error. *See Med. Buyers*, 2026 U.S. Dist. LEXIS 7899, at *3-4; *Hudson*, 2019 U.S. Dist. LEXIS 73706, at *2, 7-8.

Because Tofoni's Motion identifies no good cause for further briefing—and instead seeks to needlessly prolong an expedited matter while the misuse of the 1782 discovery continues—it should be denied on reconsideration. *See Abdullah*, 2006 U.S. Dist. LEXIS 74721, at *2-3.

## III.    ALTERNATIVELY, EXPEDITED BRIEFING IS WARRANTED

Should the Court decline reconsideration, Tourprodenter respectfully requests that the Court require Tofoni to file any sur-reply by April 24, 2026. The Motion for Protective Order addresses ongoing harm—Tofoni's continuing dissemination of Tourprodenter's confidential financial information in Argentine proceedings and to news outlets, *see* (ECF No. 20) at 1-4—and further delay compounds that harm. A short deadline is reasonable given the limited scope of the contemplated sur-reply (the five points identified in the Motion) and falls comfortably within this Court's "inherent authority to manage its own docket," which "includes the authority to set deadlines." *Medley v. United States*, No. 5:21-CV-206, 2022 U.S. Dist. LEXIS 59367, at *4 (M.D. Ga. Mar. 31, 2022) (citations omitted). *See also Leslie v. Markling*, No. 4:25-CV-174, 2025 U.S. Dist. LEXIS 172122, at *5 (M.D. Ga. Sep. 4, 2025) (Land, J.) (using an expedited schedule after concluding that limited additional proceedings could be completed promptly). Tourprodenter has operated under an expedited posture throughout this proceeding, *see* (ECF No. 4) at 12, and good cause exists to maintain that posture with respect to Tofoni's proposed sur-reply.

**CONCLUSION**

Based on the foregoing points and authorities, Tourprodenter respectfully requests that the Court: (i) reconsider and vacate its Order, (ECF No. 22), granting Tofoni's Motion for Leave to File Sur-Reply, (ECF No. 21), or (ii) in the alternative, order Tofoni to file his sur-reply by April 24, 2026.

Dated: April 21, 2026                               Respectfully submitted,

                                                    **Clark Hill PLC**
                                                    3630 Peachtree Road N.E., Suite 700
                                                    Atlanta, GA 30326
                                                    Telephone: (470) 845-0207

                                                    By: */s/ Lewis P. Perling*
                                                    Lewis P. Perling (Georgia Bar No. 572379)
                                                    Attorney Email: lperling@clarkhill.com

                                                    **DIAZ REUS INTERNATIONAL LAW FIRM**
                                                    100 Southeast Second Street, Suite 3400
                                                    Miami, Florida 33131
                                                    Telephone: (305) 375-9220
                                                    Facsimile: (305) 375-8050

                                                    By: */s/ Javier Coronado Diaz*
                                                    Javier Coronado Diaz (Fla. Bar No. 1047848)
                                                    Attorney Email: jcoronado@diazreus.com
                                                    (Admitted pro hac vice)
                                                    Michael Diaz, Jr. (Fla. Bar No. 606774)
                                                    Attorney Email: mdiaz@diazreus.com
                                                    (Admitted pro hac vice)
                                                    Gabor Gazso von Klingspor (Fla. Bar No. 1058977)
                                                    Attorney Email: ggazso@diazreus.com
                                                    (Admitted pro hac vice)
                                                    John Q. Foster (Fla. Bar No. 1059167)
                                                    Attorney Email: jfoster@diazreus.com
                                                    (Admitted pro hac vice)

                                                    *Counsel for Tourprodenter, LLC*

## CERTIFICATE OF CONFERRAL

The undersigned hereby certifies that on April 20, 2026, Tourprodenter's counsel and counsel for Tofoni conferred regarding the relief sought herein through Zoom videoconference.

*/s/ Javier Coronado Diaz*
Javier Coronado Diaz

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on April 21, 2026 with the Court's CM/ECF system, which will serve a true and correct copy thereof on all counsel of record.

*/s/ Javier Coronado Diaz*
Javier Coronado Diaz