**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| IN RE APPLICATION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 4:25-cv-00313-CDL |

## PETITIONER'S SUR-REPLY

Since counsel for Tourprodenter first contacted counsel for Petitioner on March 11, 2026, to discuss Tourprodenter's intention to intervene in this proceeding to request a protective order, Petitioner has consistently made clear that he ***does not oppose the entry of a reasonable protective order***. Petitioner objected only to two aspects of Tourprodenter's proposal: (1) its retroactive terms, *which would require Petitioner to do the impossible* – claw back information from public court dockets and widely disseminated media reports; and (2) its prohibition on the use of the section 1782 discovery in pending litigation in Argentina. (ECF 4-1 at 16-21). Tourprodenter chose not to engage with Petitioner following counsel's presentation of a redline of the protective order to address these points, and instead moved for a protective order, a process that would necessarily take longer than a negotiated resolution. Touprodenter now accuses Petitioner of "purposeful delay," notwithstanding his compliance with the local rules. To clarify the record, Petitioner states as follows:

1

***Francisco Castex is, and always has been, part of Mr. Tofoni's legal team****.*
Respondent seeks to attack declarant Francisco Castex's credibility by asserting that he is not counsel of record in Mr. Tofoni's civil case (the "Argentine Civil Proceeding") against the Argentine Football Association ("AFA"), and by insinuating improprieties surrounding Mr. Castex's withdrawal as counsel for Mr. Tofoni in the separate criminal proceeding initiated by Mr. Tofoni against certain AFA and Tourprodenter executives (the "Argentine Criminal Proceeding"). However, Mr. Castex never represented that he was counsel of record in either proceeding, and this is irrelevant to his credibility in any case. Mr. Tofoni is, and has been, since the initiation of this Section 1782 proceeding, a member of Petitioner's legal team actively involved the Argentine Civil Proceeding and the Argentine Criminal Proceeding. *See* Declaration of Francisco Castex in Support of Guillermo Luis Tofoni's Surreply ("Third Castex Decl.") at ¶1.

For the avoidance of doubt, Petitioner submits herewith a declaration from Mr. Tofoni's current counsel of record in the Argentine Criminal Proceeding confirming that Mr. Castex has consistently been part of Petitioner's legal team and is fully informed of all relevant matters addressed in his declarations. *See* Declaration of Alberto Baños in Support of Guillermo Luis Tofoni's Sur-reply ("Baños Decl.") at ¶2.

***Tourprodenter mischaracterizes Mr. Tofoni's representations to the Argentine court.*** Tourprodenter claims that Mr. Tofoni made "misrepresentations" in the Argentine Criminal Proceeding by representing that "U.S. judicial authorities" found his claims against the defendants "viable." Mr. Tofoni never made such a representation. Third Castex Decl. at ¶3. Instead, Mr. Tofoni sought to provide procedural context for the granting of Petitioner's Section 1782 application by explaining that this Court determined Mr. Tofoni was an "interested person," such that the statutory requirements for obtaining the Section 1782 discovery, now before the Argentine court, were satisfied. *Id*. The filing is confidential under Argentine law, but the undersigned can provide it to the Court for *in camera* review upon the Court's request. In addition, Mr. Castex's declaration includes a translation of the relevant passage. *Id*.

***Petitioner has not continued to disseminate the discovery material.*** Tourprodenter makes the unfounded assertion that Petitioner has continued to improperly use the Section 1782 discovery through dissemination to the Argentine media and the filing of an administrative petition with the Central Bank of Argentina. However, Petitioner has complied with his representation to this Court that, pending resolution of the motion for protective order, he would use the discovery only for the pending Argentine proceedings. (ECF 10). The administrative petition was filed on March 10, 2026, before Tourprodenter's counsel first contacted the undersigned.

3

Baños Decl. at ¶4. Petitioner also has not improperly disseminated information to the media. The so called "AFA-gate" case is the subject of intense ongoing media coverage in Argentina, including the articles that Tourprodenter cites, which do not indicate any recent disclosures by Mr. Tofoni.

***The discovery can be, and has been, used in connection with the Argentine Civil Proceeding.*** Tourprodenter makes the perplexing assertion that Section 1782's "for use" requirement is not satisfied because Mr. Tofoni has not proven that he used the discovery in the Argentine Civil Proceeding. Tourprodenter also asserts, incorrectly, that the evidence cannot be used in that proceeding. Section 1782 is prospective, not retrospective: it does not impose any burden on a petition to prove *after that fact* that the discovery was used in the foreign proceeding. Nor would such a requirement make any sense, as there are myriad reasons why, mere months after discovery has been obtained, it might not yet be part of the record in the foreign proceeding.

Moreover, Section 1782 imposes no foreign discoverability requirement. *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 260 (2004) ("nor does § 1782(a)'s legislative history suggest that Congress intended to impose a blanket foreign-discoverability rule on the provision of assistance under § 1782(a).") Accordingly, it is irrelevant whether Mr. Tofoni could compel the production of the Section 1782 discovery in the Argentine Civil Proceeding. As Mr. Castex previously

explained (First Castex Decl. at ¶¶27-28), Mr. Tofoni is permitted to present the Section 1782 evidence in the Argentine Civil Proceeding, and therefore the "for use" requirement is satisfied. *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) ("the plain meaning of the phrase 'for use in a proceeding' indicates something that will be employed with some advantage or serve some use in the proceeding"). In any event, the evidence has now been used in connection with an interlocutory appeal in the Argentine Civil Proceeding. Third Castex Decl. at ¶2.

As stated previously and consistently, Petitioner does not oppose the entry of a ***reasonable, prospective*** protective order. His objections have been limited and principled, and Respondent's effort to frame them otherwise is unsupported by the record.

Respectfully submitted,

**Dated:** April 24, 2026

**Grubman Warner Berry LLP**

*/s/ Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171
sgrubman@gwbfirm.com

*Counsel for Petitioner*
*Guillermo Luis Tofoni*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that om April 24, 2026, the foregoing was filed with the Court's CM/ECF system that will serve a true and correct copy with all counsel of record.

**Grubman Warner Berry LLP**

*/s/ Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171
sgrubman@gwbfirm.com

*Counsel for Petitioner*
*Guillermo Luis Tofoni*

6