**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| IN RE APPLICATION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 4:25-cv-00313-CDL |

## ORDER

Presently pending before the Court is Tourprodenter LLC's motion for protective order (ECF No. 9).  The Court considered that motion and the related briefing, and the Court enters the following Protective Order.

## FACTUAL BACKGROUND

Guillermo Luis Tofoni filed a petition for an order from this Court pursuant to 28 U.S.C. § 1782, which allows a district court to order a person found within the district to produce a document "for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a). Tofoni represented that he sought the relief to obtain discovery for use in connection with a pending civil action in Argentina.  Pet. (Oct. 6, 2025), ECF No. 1 (representing that Tofoni sought discovery for use in an Argentinian civil action captioned *Tofoni, Guillermo Luis c/ Asociación de Futbol Argentino A.F.A. s/ Cumplimiento de Contrato*,  CIV 084904/2023).

In the Argentinian civil action, Tofoni contends that he had a contract with the Argentinian Football Association that gave him the exclusive rights to organize certain matches for the Argentinian men's national team.  He alleges that the AFA breached that contract by organizing several matches without his involvement and that AFA used Tourprodenter LLC as its collecting agent to receive funds for the matches.  In his petition before this Court, Tofoni asked the Court to appoint his attorney, Scott Grubman, as Commissioner of the Court with the power to issue a

subpoena to Synovus Bank so that Tofoni could obtain information relating to the accounts that were used as part of AFA's alleged contractual breaches, including Tourprodenter's accounts with Synovus Bank. The Court concluded that Tofoni had established that the requirements of 28 U.S.C. § 1782 were met, so it granted Tofoni's petition and appointed Grubman Commissioner of the Court with the power to issue a subpoena to Synovus Bank "for the limited purposes described in the Petition." Order (Oct. 7, 2025), ECF No. 3. The order stated that it should not be construed to preclude a timely motion to quash the subpoena. *Id.* There was no motion to quash.[1]

After Synovus Bank produced documents responsive to the subpoena, Tourprodenter intervened in this action. Tourprodenter represents that Tofoni has not used its subpoenaed bank records for the purposes described in his Petition—his Argentinian breach of contract action—but instead used them for other purposes, including to initiate an Argentinian criminal case against Tourprodenter's principals and other individuals, which Tofoni filed on December 30, 2025. That case is Case No. 66191/2025. Tourprodenter also accuses Tofoni of leaking some of the documents to the media. Tourprodenter now seeks a protective order governing use of documents that have been produced or may be produced in response to any subpoena issued pursuant to the Court's order that granted Grubman subpoena authority under 28 U.S.C. § 1782.

## DISCUSSION

Tofoni and Tourprodenter agree that a protective order is warranted in this action to protect Tourprodenter's financial information, but they disagree on two main issues: (1) the purpose for which Tofoni may use the subpoenaed materials and (2) whether the protective order should apply retroactively.

---

[1] Tourprodenter represents that it did not receive notice of the subpoena until shortly before it intervened in this action.

On the first issue, Tourprodenter argues that Tofoni should only be permitted to use the subpoenaed materials for his civil action against the AFA and should not be permitted to use them for any other purpose. Tofoni, on the other hand, argues that because there was no protective order in place when he received the subpoenaed materials, he may use the subpoenaed materials for any purpose. But the Court's order stated that Grubman was authorized to issue a subpoena to Synovus Bank "for the limited purposes described in the Petition." Order (Oct. 7, 2025), ECF No. 3. In his petition, Tofoni represented that the requested relief was " for the purpose of obtaining discovery for use in connection with a pending legal proceeding captioned *Tofoni, Guillermo Luis c/ Asociación de Futbol Argentino A.F.A. s/ Cumplimiento de Contrato (expediente CIV 084904/2023),* filed by Petitioner in the first instance court for commercial matters in Argentina (*Juzgado Nacional de Primera Instancia en lo Comercial Número 8*)." Petition 1, ECF No.1. Accordingly, the Court's order explicitly limited the purposes for which Tofoni was permitted to obtain discovery of Tourprodenter's financial records: his civil action against the AFA. The subpoenaed materials should not have been used for other purposes without leave of the Court. If Tofoni wishes to use the materials for another purpose, he should file a new § 1782 application.

On the second issue, Tofoni contends that there is no basis for retroactive application of the protective order because two of Tourprodenter's banks—Bank of America and JP Morgan Chase—may have notified Tourprodenter that they received subpoenas for Tourprodenter's financial records in October and November 2025. Tofoni argues that because Tourprodenter may have been on notice of subpoenas issued to other banks in other jurisdictions, it had an opportunity to seek relief from this Court regarding any subpoena issued to Synovus but did not timely do so. But Tofoni did not present any *evidence* that Tourprodenter received notice of the subpoena to Synovus. Based on this record, the Court cannot find that Tourprodenter had notice of the Synovus subpoena

but waited too long to seek a protective order. The Court thus rejects this rationale for deleting Tourprodenter's proposed claw back provisions from the protective order.

The Court hereby enters the following protective order.

## PROTECTIVE ORDER

1. Intervenor, Tourprodenter, LLC ("Tourprodenter"), seeks entry of this Protective Order governing the treatment of certain information that has been obtained or may be obtained by Petitioner, Guillermo Luis Tofoni ("Tofoni") (collectively, the "Parties"), pursuant to his *Ex Parte* Application of Guillermo Luis Tofoni for Judicial Assistance Pursuant to 28 U.S.C. § 1782. (ECF No. 1). Good cause exists under Federal Rule of Civil Procedure 26(c) for the protections set forth below to preserve the confidentiality of information that is commercially sensitive, confidential, competitive, and/or proprietary.

2. This Order governs all documents produced or that may be produced pursuant to subpoenas issued in this proceeding concerning Tourprodenter's bank accounts and other financial information, including materials produced or that may be produced by Synovus Bank, as well as its subsidiaries and/or parent companies (collectively, "Tourprodenter's Materials").

3. The provisions of this Protective Order shall apply to (1) the Parties to this action including, but not limited to, their employees, former employees, officers, directors, agents, representatives, subsidiaries, affiliates, related entities, assigns, successors-in-interest, any individuals or companies retained by any of the parties, and/or all persons acting or purporting to act on their behalf; (2) court reporters; (3) third parties as provided in this Order; and (4) any person who agrees to be bound by the terms of this Order.

4.  Tourprodenter's Materials shall be used solely for purposes of the civil lawsuit filed by Tofoni against the Argentine Football Association ("AFA"), with civil case number CIV 084904/2023 (the "AFA Case"), and for no other purpose, unless otherwise authorized by this Court.

5.  Tourprodenter's Materials shall not be filed on any public docket. To the extent any Party seeks or is required to file Tourprodenter's Materials in any court, arbitration, administrative proceeding, or other tribunal, such filing shall be made under seal in accordance with the applicable rules and procedures of the forum, and the filing Party shall take all reasonable steps to ensure that Tourprodenter's Materials are not publicly disclosed, including, where appropriate, filing only narrowly tailored excerpts under seal and filing a public version with appropriate redactions.

6.  Tourprodenter's Materials may be disclosed only to:

    a.  Counsel of record in this proceeding and their employees or staff;

    b.  Counsel involved in the AFA Case;

    c.  The parties to the AFA Case;

    d.  Experts or consultants retained for purposes of the AFA Case; and

    e.  The court or tribunal presiding over the AFA Case.

7.  Absent further order of this Court, Tourprodenter's Materials produced pursuant to subpoenas issued in this proceeding shall not be disclosed, disseminated, or otherwise provided to any person not directly involved in the AFA Case.

8.  Tourprodenter's Materials shall not be uploaded, submitted, entered, or otherwise provided, whether in whole or in part, to any open generative artificial intelligence tool, large language model, or similar system for any purpose. Any such use shall be deemed a

disclosure to a third party and a violation of this Order. For avoidance of doubt, this restriction does not prohibit use of closed AI tools that are operated in a manner that does not disclose Tourprodenter's Materials to any unauthorized person or entity and that do not use such materials for training or to improve models available to third parties.

9. To the extent Tofoni has disclosed Tourprodenter's Materials obtained pursuant to subpoenas issued in this proceeding to persons not authorized under this Order, Tofoni shall cease any further dissemination of such materials outside the AFA Case and shall, within fourteen (14) days of entry of this Order:

    a. Provide written notice to each person or entity to whom such materials were disclosed that the materials are subject to this Order and request that such materials be returned or destroyed;

    b. Take reasonable steps to retrieve or secure the return or destruction of such materials from persons not authorized to receive them under this Order; and

    c. File a certification with the Court describing the steps taken to comply with this provision.

10. Within sixty (60) days of final termination of the AFA Case, including any appeals, all of Tourprodenter's Materials, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in the AFA Case), shall either be returned to the producing entity or be destroyed. Counsel receiving such materials shall certify compliance with this requirement by affidavit. Final termination of the AFA Case shall be deemed to be the later of (1) dismissal of all claims and defenses in the AFA Case, with or without prejudice; and (2) final

judgment therein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of the AFA Case, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Tourprodenter's Materials. Any such archival copies that contain or constitute Tourprodenter's Materials remain subject to this Order.

11. Any Party knowing or believing that any other party is in violation of this Order and has raised the question of violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

12. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable privilege.

13. The Parties and their respective Counsel agree to act in good faith when taking any action pursuant to this Order.

14. In the event that any of Tourprodenter's Materials is subpoenaed by any court, regulatory, administrative or legislative body or any person purporting to have authority to subpoena such information, any person or Party subject to this Order shall not produce such information without first giving sufficient and timely written notice to the Tourprodenter

so as to enable Tourprodenter to have a reasonable opportunity to seek protective relief, provided that a Party may obey a court order preventing the Party from providing notice.

15.   Neither the termination of this matter nor the termination of employment of any person who had access to any of Tourprodenter's Materials shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Tourprodenter's Materials pursuant to this Order, unless the Parties agree otherwise in writing or a court order otherwise directs.

16.   This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown from any of the provisions contained herein.

17.   As a condition of receiving and retaining access to Tourprodenter's Materials, any party receiving and/or retaining such materials shall execute an Agreement to Be Bound by the terms of this Order in the form attached hereto as **Exhibit "1."**

18.   The Court retains jurisdiction to interpret, modify, and enforce this Order.

**SO ORDERED** this 27th day of April, 2026.

_S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

8