UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

IN RE APPLICATION OF
GUILLERMO LUIS TOFONI FOR
JUDICIAL ASSISTANCE
PURSUANT TO
28 U.S.C. § 1782

Case No. 4:25-cv-00313-CDL

## PETITIONER'S MOTION FOR AUTHORIZATION PURSUANT TO PARAGRAPH 4 OF THE PROTECTIVE ORDER (ECF NO. 25), OR, IN THE ALTERNATIVE, FOR A LIMITED STAY

On April 27, 2026, the Court entered a Protective Order (ECF No. 25) (the "Protective Order") permitting Petitioner Guillermo Tofoni to use documents obtained from respondent Synovus Bank related to the accounts of intervenor Tourprodenter LLC ("Tourprodenter") "solely for purposes of the civil lawsuit filed by Tofoni against the Argentine Football Association ("AFA"), with civil case number CIV 084904/2023 (the "AFA Case"), and for no other purpose, ***unless otherwise authorized by this Court***." Protective Order at 5 (emphasis added).

Mr. Tofoni respectfully requests an order authorizing the use of these documents (the "Tourprodenter Documents") in four related criminal proceedings pending in Argentina that would also meet the requirements for § 1782 relief (the "Argentine Criminal Proceedings"). Alternatively, Mr. Tofoni requests a stay of enforcement of the requirements of subsections (a)-(f) of paragraph 9 of the

1

Protective Order *solely as to the Argentine Criminal Proceedings* pending determination of a separate § 1782 application to be filed by Mr. Tofoni.

## BACKGROUND

On October 7, 2025, this Court granted Mr. Tofoni's application for discovery pursuant to 28 U.S.C. § 1782. ECF No. 3. At the time, Mr. Tofoni intended to use the evidence only in the AFA Case. Mr. Tofoni served respondent Synovus Bank with a subpoena, and Synovus Bank produced the Tourprodenter Documents. The Tourprodenter Documents revealed criminal conduct by certain AFA and Tourprodenter executives (the "Argentine Criminal Defendants"). ECF No. 18-1 at 2-3. Since there was no protective order at the time, in addition to using the Tourprodenter Documents for the AFA Case, Petitioner submitted the documents in the context of criminal complaints against the Argentine Criminal Defendants. There are currently four criminal proceedings pending in Argentine (the "Argentine Criminal Proceedings"). They include:

(1) *Faroni, Javier; Gillette, Erica; Tapia, Claudio; Toviggino, Pablo*, Criminal Case No. 66191/2025, pending in the Juzgado Nacional Criminal y Correccional No. 11.

(2) *Asociación del Futbol Argentino (AFA), Tapia, Claudio; Toviggino, Pablo y otros*, Criminal Case No. 335/2026, pending in the Juzgado Penal Económico No. 2.

(3) *Tapia, Claudio; Toviggino, Pablo; Lorenzo, Gustavo; Blanco Rodríguez, Victor; Malaspina, Cristián*, Criminal Case No. 360/2026, pending in the Juzgado Penal Económico 5.

(4) *Tapia, Claudio; Toviggino, Pablo y otros*, Criminal Case No. 286/2026, pending in the Juzgado Penal Económico 8.

*See* Declaration of Alberto Baños (May 8, 2026) ("Second Baños Decl.") ¶¶ 4-7, Attached as **Exhibit 1**. In Argentina, different courts have jurisdiction over different crimes. This is why there are four separate criminal proceedings. *Id.* ¶ 3. These pending proceedings respectively address complaints for (1) fraudulent administration, (2) tax evasion, (3) money laundering, and (4) fraudulent accounting. *Id.* ¶¶ 4-7.

On April 27, 2026, the Court granted Tourprodenter's motion for protective order. ECF No. 25. The Protective Order provides that the Tourprodenter Documents may be used only in the AFA Case. It also requires Mr. Tofoni to attempt to claw back the Tourprodenter Documents from any other person or entity to whom they were disclosed. Mr. Tofoni understands this clawback requirement to extend to Tourprodenter Documents that Mr. Tofoni submitted to the Argentine courts in connection with the Argentine Criminal Proceedings.

Mr. Tofoni has initiated the process of "[p]rovid[ing] written notice to each person or entity to whom such materials were disclosed," Protective Order ¶ 9(a),

and intends to file the required certification as to all recipients other than the Argentine courts by the deadline on May 11, 2026. However, Mr. Tofoni respectfully requests an exception to this requirement for documents that have been submitted in the Argentine Criminal Proceedings which are now part of the court records.

Accordingly, Petitioner seeks authorization, pursuant to paragraph 4 of the Protective Order, to use the Tourprodenter Materials in the Argentine Criminal Proceedings, each of which would independently qualify for § 1782 assistance. Petitioner is requesting this authorization instead of filing a new § 1782 application in the interest of efficiency and to avoid unnecessary burden, and to prevent confusion in the Argentine Criminal Proceedings.

## **<u>ARGUMENT</u>**

The protective order provides that the Tourprodenter Documents may be used "as otherwise authorized by this Court." Protective Order at 5. Petitioner seeks authorization to use the Tourprodenter Documents in other pending litigation in Argentina because (1) that litigation independently qualifies for § 1782 relief; and (2) it would be more efficient, less burdensome, and less confusing for the Court to authorize the use of the Tourprodenter Documents in the pending litigation rather than require Mr. Tofoni to file a new § 1782 Application.

## A.    The § 1782 Statutory Requirements Would Be Satisfied.

Section 1782 contains four statutory requirements, which would all be satisfied in a separate § 1782 application seeking discovery in aid of the Argentine Criminal Proceedings: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; (3) the application is made by an interested person; and (4) the request seeks testimony or the production of documents or other things. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1198–99 (11th Cir. 2016).

First, this Court already found that respondent Synovus Bank is found in this district, because it is incorporated in Georgia and has its principal office here.

Second, the Tourprodenter Documents are "for use" in proceedings before foreign tribunals. The Argentine Criminal Proceedings are adjudicative in nature, pending in Argentine courts, and Mr. Tofoni is the complainant in those proceedings. Baños Decl. ¶¶ 3-8. In Argentina, an impacted individual may initiate criminal proceedings by filing a complaint. If the court accepts the complaint, that person becomes a party in a role parallel to the prosecutor (a "complainant"). *Id.* ¶ 8. The complainant may take and present evidence, present argument, and appeal the court's rulings. *Id*. The complainant may present any evidence that he has lawfully obtained, including evidence that contains confidential information about the

5

defendant or third parties. *Id.* ¶ 10. As the complainant, Mr. Tofoni will continue to have opportunities to present relevant evidence as the cases proceed. *Id.* ¶ 9.

Third, Petitioner is an "interested person" because, as the complainant who initiated the proceedings he possesses a "significant role in the process." *See In re: Application of Bracha Found.*, 663 F. App'x 755, 763 (11th Cir. 2016) (complainant who triggered the investigation and had participation rights was "interested person" for statutory purposes because he had a reasonable interest in obtaining judicial assistance); Baños Decl. ¶¶ 4-10.

Fourth, Mr. Tofoni seeks to use documents produced by Synovus Bank in response to a subpoena authorized by the Court's § 1782 order.

## B. The *Intel* Discretionary Factors Would Favor Granting a New § 1782 Application.

The discretionary factors identified in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004), which incorporate § 1782's "twin aims" of providing efficient assistance to participants in foreign proceedings and encouraging reciprocal assistance, are also satisfied. *See In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013).

First, Synovus Bank is not a participant in the foreign proceeding. A non-party to the foreign proceeding "may be outside the foreign tribunal's jurisdictional reach," making evidence unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264;

*see also In re Gonzalez*, No. 20-24628-MC-UNGARO, 2021 WL 3835180, at *9 (S.D. Fla. Apr. 14, 2021). Because Synovus Bank is not subject to the jurisdiction of the Argentine courts, this factor would support § 1782 relief.

Second, "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," *Intel*, 542 U.S. at 264, would also weigh in favor of § 1782 relief. There is no indication that Argentine courts would be unreceptive to evidence obtained through U.S. judicial assistance, and in fact U.S. Courts have routinely recognized Argentina's receptivity to evidence obtained here. *See, e.g., In re Request for Jud. Assistance From the Nat'l Ct. of Original Jurisdiction No. 68 in Buenos Aires, Argentina,* No. 3:19-mc-31-J-39MCR, 2019 WL 5528394, at *2 (M.D. Fla. Oct. 25, 2019); *In re Request for Jud. Assistance from the First Instance Ct. in Com. Matters No. 28 in Buenos Aires*, No. 6:22-mc-12-RBD-GJK, 2022 WL 2306843, at *2 (M.D. Fla. May 11, 2022).

Third, Mr. Tofoni is not attempting to circumvent Argentine proof-gathering rules or policies. *Intel*, 542 U.S. at 264-65; Second Baños Decl. ¶¶ 9-10.

Fourth, the relief sought is not intrusive or burdensome. *Intel*, 542 U.S. at 264-65. To the contrary, authorizing use of the Tourprodenter Documents is the least burdensome option available because Synovus Bank has already completed

production of the relevant documents and, if authorization is granted, Mr. Tofoni will not be required to re-subpoena the same documents.

## C. Requiring Mr. Tofoni to File a New § 1782 Application Would Cause Inefficiency and Confusion and Would be Burdensome to Synovus Bank.

The Court should authorize Mr. Tofoni to use the Tourprodenter Documents in the Argentine Criminal Proceedings rather than requiring him to file a new §1782 application.  The initiation of a new proceeding would impose unnecessary burden on the Court and would not advance § 1782's aim of providing foreign litigants with efficient assistance. A new § 1782 application would also unnecessarily burden Synovus Bank, which would be required to produce the exact same documents that it already produced in response to a new subpoena.  Finally, if Mr. Tofoni is required to request the return of the Touprodenter Documents from the Argentine courts—an exercise which will likely be futile in any case (Second Baños Decl. ¶ 11)—only to then re-submit those same documents weeks or months later, there will likely be unnecessary confusion and inefficiency in the Argentine Criminal Proceedings, *id.* ¶ 12.

Petitioner's requested relief aligns with § 1782's "twin aims" by providing efficient assistance to a participant in foreign proceedings, *see Intel*, 542 U.S. at 252, while minimizing burden on the subpoena recipient. The use of the Tourprodenter Documents would be limited by the existing terms of the Protective Order and any additional protections the Court deems appropriate.

**D. In the Alternative, the Court Should Grant a Stay of Enforcement of the Clawback Provisions as to the Argentine Criminal Proceedings.**

To the extent that the Court determines that Mr. Tofoni must proceed by filing a new § 1782 application, Mr. Tofoni respectfully requests that the Court stay enforcement of the requirements of subsections (a)-(f) of paragraph 9 of the Protective Order *solely as to the Argentine Criminal Proceedings* pending determination of the new § 1782 application. Mr. Tofoni respectfully submits that requests to the Argentine courts to return the Tourprodenter Documents would very likely be futile, as those documents are already part of the court records. Second Baños Decl. ¶ 11. In addition, such a request, followed by re-submission of the documents upon the granting of a new § 1782 application, would cause unnecessary confusion and inefficiency in the Argentine Criminal Proceedings, which seek to hold individuals associated with AFA and Tourprodenter accountable for a massive criminal scheme. *Id.* ¶ 12. Therefore, Mr. Tofoni respectfully submits that it would be more appropriate to stay enforcement of the clawback provisions of the Protective Order pending determination of the new § 1782 application, and then to excuse Mr. Tofoni from those requirements if the new § 1782 application is granted.

## CONCLUSION

For the foregoing reasons, Mr. Tofoni respectfully requests authorization, pursuant to paragraph 4 of the Protective Order, to use the Tourprodenter Documents in the Argentine Criminal Proceedings. In the alternative, Mr. Tofoni respectfully

requests that the Court stay enforcement of the requirements of subsections (a)-(f) of paragraph 9 of the Protective Order *solely as to the Argentine Criminal Proceedings* pending determination of a separate § 1782 application to be filed by Mr. Tofoni.

Respectfully submitted,

**Dated:** May 8, 2026

**Grubman Warner Berry LLP**

**/s/ Scott R. Grubman**
Scott R. Grubman
Georgia Bar No. 317011
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171
sgrubman@gwbfirm.com

*Counsel for Petitioner*
*Guillermo Luis Tofoni*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 8, 2026, the foregoing was filed

with the Court's CM/ECF system that will serve a true and correct copy with all

counsel of record.

<div align="center" style="margin-left:auto;margin-right:0">

*/s/ Scott R. Grubman*
Scott R. Grubman

</div>

11