# EXHIBIT "1"

## THIRD DECLARATION BY MAXIMILIANO A. RUSCONI

I, Maximiliano Rusconi, declare under penalty of perjury, pursuant to the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and belief:

1.     I make this declaration based on my personal knowledge, acquired in the course of my professional work.

2.     My prior declarations include a summary of my academic background, litigation and teaching experience, as well as other credentials in the field of criminal law and criminal procedural law.

3.     My law firm and I represent Javier Horacio Faroni and Erica Gabriela Gillette, husband and wife, in Criminal Case No. 66191/2025, as well as in other derivative or related proceedings pending before the Argentine courts.

4.     I make this declaration for the purpose of addressing what I consider to be inaccurate statements made by Guillermo Luis Tofoni's ("Tofoni") new attorney, Alberto Baños ("Baños"), in his declaration given on May 8, 2026.

5.     First, it is not true that private complainants in an Argentine criminal proceeding may indiscriminately submit any evidence they have obtained, including confidential information, for inclusion in the case file. Under the principles and rules of Argentine criminal procedural law, the admission of evidence is subject to requirements of relevance, legality, and admissibility, as well as the protection of the constitutional rights and guarantees of third parties, including privacy and intimacy, and legal confidentiality regimes—including bank secrecy—applicable to certain information. Accordingly, the court retains the authority—and the duty—to exclude, limit, or subject to protective measures any information and documentation whose inclusion in the case file is improper and/or affects rights protected by law.

1

6.      In addition, IT IS NOT TRUE that the private complainant may "submit" any evidence on his own. The only unrestricted power he has is the authority to "propose" evidentiary activity that he deems useful and/or conducive; however, even the decision admitting or denying his evidentiary requests is NOT SUBJECT TO APPEAL (Art. 199 of the National Code of Criminal Procedure).

7.      In Argentine criminal proceedings, without prejudice to the powers of the Public Prosecutor's Office, the court is the only body authorized, on an exceptional basis, to authorize the lifting of bank, tax, and securities secrecy. In other words, even if the Public Prosecutor's Office wishes to rely on such information, it must request judicial authorization, from which it follows that this applies all the more to the private complainant.

8.      In this case, I consider it unlikely that the Argentine courts would be receptive to the use of Tourprodenter LLC's ("Tourprodenter") banking information obtained by Tofoni in the United States, if the four investigations mentioned by Baños in his declaration were to proceed to trial. This is so, I reiterate, because the information is of a sensitive nature and, as such, may not be obtained directly by a private complainant, but only through a reasoned judicial request subject to review by the parties. Moreover, that information was obtained under the pretext that it would be used in "Tofoni, Guillermo Luis v. Asociación del Fútbol Argentino (A.F.A.) re: Breach of Contract" (Case No. CIV 084904/2023) (the "AFA Case"), which raises serious questions regarding its admissibility in an independent proceeding.

9.      The report dated 04/15/2026 issued by the Attorney General in charge of the Office of the Prosecutor for Economic Crime and Money Laundering (PROCELAC), which forms part of the case in which I am professionally involved and which was mentioned above, states that the only way to validly introduce the discovery information so that the proceeding may move forward and potentially result in a conviction is through the processing of such international letters rogatory

2

as the Judge may deem appropriate, with the involvement of the authorities of the Ministry of Foreign Affairs and, of course, in compliance with all formalities and requirements inherent to an international letter rogatory, specifically the obligation to state the procedural purpose of the case and the potential usefulness of the measure.

10.    Under Argentine criminal procedural law, evidence must be obtained and produced in accordance with due process guarantees and in observance of the principles of legality and good faith. In that regard, the use of evidentiary materials obtained for a purpose other than the one invoked may result in their exclusion. In particular, evidence obtained through procedures involving deceit, simulation, or abuse of rights lacks the capacity to support a valid judicial decision and may be declared inadmissible.   Under such circumstances, the inclusion and potential assessment of Tourprodenter's banking information obtained by Tofoni could compromise the very validity of the proceeding.

11.    Second, it is not possible to guarantee that Tofoni will continue to have opportunities to submit information or documents before the Argentine courts in the criminal cases mentioned in Baños's declaration. As I have previously had occasion to declare, Tofoni's status as a "private complainant" is under discussion in connection with the "preliminary objections" that have been filed by my clients and other accused parties.  In particular, there are grounds to question whether Tofoni suffered a special, specific, individual, and direct harm, as required by Article 82 of the National Code of Criminal Procedure.  If the courts rule on these preliminary objections in favor of the accused parties, Tofoni will be removed from the criminal cases and will lack standing to make additional requests before the courts in such case.

12.     In addition, the criminal cases mentioned by Baños in his declaration are at the investigative stage, which means that the proceedings may be closed if the authorities conclude that the reported facts do not constitute a crime or that the legal prerequisites necessary to move

3

toward trial have not been met. Under the Argentine criminal procedural regime, during this preliminary stage the Public Prosecutor's Office and the court hearing the matter assess whether there is sufficient evidence to justify the continuation of the proceeding. The mere existence of an ongoing investigation does not mean that the allegations made have been corroborated or that the proceeding will necessarily advance beyond this initial phase. The investigation of a criminal case, in the Argentine jurisdiction, is based on the mere positive probability that the act occurred and the probability that certain persons may have participated in it; ultimately, the decisions issued during that stage have a "precarious" evidentiary value, to the point that they may even be revoked "ex officio."

13.    Third, it is not true that, once information obtained or submitted improperly has been incorporated into the case file, Argentine law provides no mechanisms to prevent such information from being considered. Under the principles of Argentine criminal procedural law and the applicable constitutional guarantees, courts have the authority to review the legality, relevance, and admissibility of the evidence incorporated into the proceeding. Accordingly, if Tofoni informs the Argentine courts that he submitted Tourprodenter information that he should not have submitted, it will be for the judge hearing the matter to determine the appropriate procedural consequences of that circumstance. Among other measures, the court may order the exclusion of the evidence or adopt any other measure necessary to protect the affected rights and the integrity of the proceeding. Therefore, it is incorrect to state that the Argentine legal system lacks mechanisms to remedy the improper incorporation of confidential information or information obtained in violation of legal or judicial restrictions.

14.    Likewise, no provision of Argentine law prevents Tofoni from sending a communication requesting the return, destruction, or cessation of use of Tourprodenter's information. On the contrary, such measures are consistent with the general principles of

4

procedural good faith and with the authority of the parties and the courts to seek the protection of confidential or improperly disclosed information.

15.    If the information improperly submitted by Tofoni were subsequently obtained and submitted in accordance with the applicable legal and constitutional standards, it would still be for the Argentine court to determine the legal consequences of this development. Certainly, Tofoni's actions caused an unnecessary expenditure of judicial resources, and that harm could increase if he continues to use the purported "information" obtained through discovery; however, Argentine courts have broad legal authority to direct the proceeding and resolve issues arising from the improper incorporation of information. Likewise, the invocation of procedural economy does not constitute, under Argentine law, a valid justification for sacrificing legal and constitutional guarantees.

Signed in the City of Buenos Aires, Argentina, on the 15th day of May 2026.—

**Maximiliano Rusconi**

5

**MORNINGSIDE**
A Questel Company

morningtrans.com

# TRANSLATION CERTIFICATION

Date: 2026/05/18

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- Spanish (Latin America)

To:

- English (USA)

The documents are designated as:

- '3ra. declaración de Maximiliano A. Rusconi.docx'

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_Signature of **Samuel Wu**, Managing Director_

Questel Confidential: Limited External Use

## TERCERA DECLARACIÓN DE MAXIMILIANO A. RUSCONI

Yo, Maximiliano Rusconi, declaro bajo pena de perjurio conforme a las leyes de los Estados Unidos de América que lo siguiente es verdadero y correcto según mi leal saber y entender:

1.     Formulo la presente declaración sobre la base de mi conocimiento personal, adquirido en el ejercicio de mi labor profesional.

2.     Mis declaraciones anteriores incluyen un resumen de mi formación académica, experiencia en litigios y docencia, así como otras credenciales en el campo del derecho penal y del derecho procesal penal.

3.     Mi estudio jurídico y yo representamos a Javier Horacio Faroni y a Erica Gabriela Gillette, marido y mujer, en la Causa Penal No. 66191/2025, así como en otras causas derivadas o conexas que tramitan ante la justicia argentina.

4.     Formulo la presente declaración con el propósito de referirme a lo que considero son afirmaciones desacertadas por parte del nuevo abogado de Guillermo Luis Tofoni ("Tofoni"), Alberto Baños ("Baños"), en su declaración rendida el 8 de mayo de 2026.

5.     En primer lugar, no es cierto que los querellantes en un proceso penal argentino puedan presentar indiscriminadamente cualquier evidencia que hayan obtenido, incluyendo información confidencial, para que pase a formar parte del expediente. Conforme a los principios y normas del derecho procesal penal argentino, la incorporación de prueba está sujeta a requisitos de pertinencia, legalidad y admisibilidad, así como al resguardo de derechos y garantías constitucionales de terceros, incluyendo la privacidad y la intimidad, así como regímenes legales de confidencialidad—entre ellos el secreto bancario—aplicables a determinada información. En consecuencia, el tribunal conserva la facultad—y el deber—de excluir, limitar o someter a medidas de protección aquella información y documentación cuya incorporación al expediente resulte improcedente y/o afecte derechos protegidos por la ley.

1

6.      Además, NO ES CIERTO que el querellante pueda "aportar" por sí cualquier evidencia. Lo único que es irrestricta es su facultad de "proponer" actividad probatoria que estime útil y/o conducente; empero -inclusive- la resolución que admita o rechace sus pedidos de prueba es IRRECURRIBLE (art. 199 del Código Procesal Penal de la Nación).

7.      En el proceso penal argentino, sin perjuicio de las facultades del Ministerio Público Fiscal, el órgano jurisdiccional es el único facultado para, excepcionalmente, autorizar el levantamiento del secreto bancario, fiscal y bursátil. Es decir que, incluso si el Ministerio Público Fiscal quiere valerse de esa información tiene que pedir autorización jurisdiccional, de lo que se deriva que mucho más el querellante.

8.      En este caso, estimo poco probable que los tribunales argentinos resulten receptivos a la utilización de la información bancaria de Tourprodenter LLC ("Tourprodenter") obtenida por Tofoni en los Estados Unidos, si las cuatro investigaciones mencionadas por Baños en su declaración  avanzaran a juicio. Ello es así,  reitero, porque se trata de información que, por su naturaleza sensible, no puede ser obtenida directamente por un querellante, sino únicamente mediante requerimiento judicial fundado y sujeto al control de las partes. Además, dicha información fue obtenida bajo el pretexto de ser utilizada en el Tofoni, Guillermo Luis c/ Asociación del Fútbol Argentino (A.F.A.) s/ Cumplimiento de Contrato" (expediente CIV 084904/2023) (el "Caso AFA"), lo que plantea serios cuestionamientos en torno a su admisibilidad en un proceso independiente.

9.      En el informe de fecha 15.04.2026 emitido por el *Fiscal General a cargo de la Procuraduría de Criminalidad Económica y Lavado de Activos (PROCELAC)*, que forma parte de la causa en la que intervengo profesionalmente y mencionada más arriba se menciona que  la única forma de introducir válidamente la información de los discoverys para que el proceso avance y poder llegar a una sentencia condenatoria es mediante el diligenciamineto de los exhortos

2

internacionales que el Juez pudiese estimar correspondientes, con la intervención de las autoridades de Cancillería y, desde ya, cumpliéndose con todos los recaudos y requerimientos propios de una rogatoria internacional (específicamente la carga de exponer el objeto procesal del caso y la eventual utilidad de la medida).

10.    En el derecho procesal penal argentino, la prueba debe ser obtenida y producida conforme a las garantías del debido proceso y con respeto a los principios de legalidad y buena fe. En ese sentido, la utilización de elementos probatorios obtenidos con una finalidad diversa a la invocada, puede dar lugar a su exclusión. En particular, la prueba obtenida mediante procedimientos que impliquen engaño, simulación o abuso de derecho carece de aptitud para fundar una decisión jurisdiccional válida, pudiendo ser declarada inadmisible.  En tales condiciones, la incorporación y eventual valoración de la información bancaria de Tourprodenter obtenida por Tofoni podrían comprometer la validez misma del proceso.

11.    En segundo lugar, no es posible garantizar que Tofoni seguirá teniendo oportunidades para presentar informaciones o documentos ante las cortes argentinas en los casos penales que menciona la declaración de Baños. Como he tenido la oportunidad de declarar anteriormente, la condición de Tofoni como "querellante" se encuentra en discusión con ocasión de "excepciones" que han sido presentadas por mis clientes y otros querellados.  En particular, existen razones para cuestionar que Tofoni hubiera sufrido un perjuicio especial, singular, individual y directo, tal como lo exige el artículo 82 del Código Procesal Penal de la Nación.  Si las cortes resuelven estas excepciones favorablemente a los querellados, Tofoni será apartado de las causas penales y carecerá de legitimación para formular solicitudes adicionales ante los tribunales en dicho caso.

12.    Además, las causas penales que menciona Baños en su declaración se encuentran en etapa investigativa, lo que significa que las actuaciones pueden ser cerradas si las autoridades

3

concluyen que los hechos denunciados no constituyen delito o que no se encuentran reunidos los presupuestos legales necesarios para avanzar hacia una instancia de juicio. Conforme al régimen procesal penal argentino, durante esta etapa preliminar el Ministerio Público Fiscal y el tribunal interviniente evalúan si existen elementos suficientes para justificar la continuación del proceso. La mera existencia de una investigación en trámite no implica que las alegaciones formuladas hayan sido corroboradas ni que el proceso necesariamente avanzará más allá de esta fase inicial. La instrucción de una causa penal, en el fuero argentino, se conforma con la mera probabilidad positiva acerca de la ocurrencia del hecho y la probabilidad de que determinadas personas hubiesen intervenido en él (las resoluciones que se dictan durante esa instancia, en definitiva, tienen un valor "precario" en términos probatorios, a punto tal que incluso pueden ser revocadas "de oficio")

13. En tercer lugar, no es cierto que, una vez incorporada al expediente información obtenida o presentada de manera improcedente, la legislación argentina no contemple mecanismos para impedir que dicha información sea considerada. Conforme a los principios del derecho procesal penal argentino y a las garantías constitucionales aplicables, los tribunales tienen la facultad de controlar la legalidad, pertinencia y admisibilidad de la prueba incorporada al proceso. En consecuencia, si Tofoni informa a los tribunales argentinos que aportó información de Tourprodenter que no debía haber presentado, corresponderá al juez interviniente determinar las consecuencias procesales apropiadas de dicha circunstancia. Entre otras medidas, el tribunal puede disponer la exclusión de la prueba o adoptar cualquier otra medida necesaria para resguardar los derechos afectados y la integridad del proceso. Por ello, es incorrecto afirmar que el ordenamiento jurídico argentino carece de mecanismos para subsanar una incorporación improcedente de información confidencial u obtenida en violación de restricciones legales o judiciales.

14. Asimismo, ninguna disposición del derecho argentino impide que Tofoni envíe una comunicación solicitando la devolución, destrucción o cese de uso de la información de

4

Tourprodenter. Por el contrario, tales medidas son consistentes con los principios generales de buena fe procesal y con la facultad de las partes y los tribunales de procurar la protección de información confidencial o indebidamente divulgada.

15.     Si la información indebidamente aportada por Tofoni fuese posteriormente obtenida y presentada conforme a los estándares legales y constitucionales aplicables, igualmente corresponderá al tribunal argentino determinar las consecuencias jurídicas de este desarrollo. Ciertamente, las actuaciones de Tofoni generaron un desgaste innecesario de recursos jurisdiccionales y ese perjuicio podría acrecentarse si, por su parte, continúa empleando la pretendida "información" obtenida mediante los discoverys; sin embargo, los tribunales argentinos cuentan con amplias facultades legales para dirigir el proceso y resolver las cuestiones derivadas de una incorporación improcedente de información. Asimismo, la invocación de la economía procesal no constituye, en el derecho argentino, una justificación válida para sacrificar garantías legales y constitucionales

Firmado en la ciudad de Buenos Aires, Argentina, a los 15 días del mes de mayo de 2026.—

**Maximiliano Rusconi**

RUSCONI
Maximiliano
Adolfo

Digitally signed by RUSCONI
Maximiliano Adolfo
DN: SERIALNUMBER=CUIL
20180648020, C=AR, CN=RUSCONI
Maximiliano Adolfo
Reason: I am the author of this
document
Location:
Date: 2026-05-15 17:37:25
Foxit Reader Version: 9.1.0

5