**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

IN RE PETITION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Case No. 4:25-CV-313

**TOURPRODENTER, LLC'S REPLY IN FURTHER SUPPORT OF ITS**
**CROSS-MOTION TO COMPEL PETITIONER'S COMPLIANCE**
<u>**WITH THE PROTECTIVE ORDER**</u>

Intervenor Tourprodenter, LLC ("Tourprodenter") respectfully submits this reply in further support of its Cross-Motion to compel Petitioner Guillermo Luis Tofoni's ("Tofoni") compliance with Paragraph 9 of the Protective Order (ECF No. 31).

Tofoni's Combined Response in Opposition to Tourprodenter's Motion to Compel and Reply in Support of Motion for Authorization (ECF No. 33) (the "Combined Filing")[1] demonstrates his continued failure to comply with this Court's Protective Order and disregard for the Court's ruling that any use of the information outside the civil action *Tofoni, Guillermo Luis c/ Asociación de Futbol Argentino A.F.A. s/ Cumplimiento de Contrato*, Case No. CIV 084904/2023 (the "AFA Case") requires the granting of a new and separate application under 28 U.S.C. § 1782.

---

[1]  To the extent the Combined Filing functions as Tofoni's reply in support of his Motion for Authorization, it is subject to this Court's ten-page limit on reply briefs. *See* M.D. Ga. L.R. 7.4 ("[T]he movant's reply brief may not exceed ten (10) pages."). This Court has enforced that limit by declining to consider arguments presented beyond the permitted length. When confronted with an overlength reply, the Court "quit reading when it got to the tenth page of [the] reply brief" and "didn't consider any of [the] arguments made from page 11 through page 16." *Travelers Cas. & Sur. Co. of Am. v. CVB, Inc.*, 697 F. Supp. 3d 1334, 1341 (M.D. Ga. 2023).  The same approach is warranted here with respect to the overlength portion of Tofoni's Combined Filing.

## I. TOFONI'S COMBINED FILING CONFIRMS HE HAS NOT COMPLIED WITH THE PROTECTIVE ORDER.

Paragraph 9 of the Protective Order imposes four obligations: (i) cease further dissemination outside the AFA Case; (ii) provide written notice to each person or entity to whom such materials were disclosed; (iii) take reasonable steps to retrieve or secure the return or destruction of the materials; and (iv) file a certification describing the steps taken to comply. (ECF No. 25) at 6 ¶ 9. Tofoni's May 11 Certification conceded only "partial" compliance with those obligations and claimed he provided notice of the Protective Order only to unidentified journalists. (ECF No. 27-1) at 2. His Combined Filing repeats the concession, stating that Tofoni has only "largely complied with paragraph 9." (ECF No. 33) at 18. "Largely" is necessarily an admission of incomplete compliance.

Nor does Tofoni's amended certification (ECF No. 32) cure the deficiency. Although Tofoni claims to have provided "certain additional notifications, including in criminal and Argentine Central Bank proceedings" (ECF No. 33) at 6, he still does not show that written notice was provided to *each* recipient, identify when, how, or to whom any notice was sent, or describe any retrieval, return, or destruction effort, as Paragraph 9(b)-(c) require (ECF No. 25) at 6 ¶ 9. Instead, he offers only an undated form letter and his assertion that it was sent—without identifying recipients, dates, or any proof of transmission. Those omissions are particularly significant here. Tofoni obtained the § 1782 discovery on the representation that it was for the AFA Case, then proceeded to use it in four criminal complaints and before the Banco Central de la República Argentina (the "BCRA"). Moreover, Tofoni's original certification represented compliance that proved incomplete. *See* (ECF Nos. 27-1, 32).

Tourprodenter submits the Fourth Declaration of Professor Maximiliano Rusconi, attached as **Exhibit "1"** (the "Fourth Rusconi Decl."), which confirms that Tofoni did not notify the

Argentine court as the Protective Order required, *see* (ECF No. 25) at 6 ¶ 9(a), and responds to the inaccuracies in the third declaration of his Argentine counsel, Alberto Baños (ECF No. 33-2) (the "Third Baños Declaration"). When Tofoni testified before the Prosecutor's Office in Criminal Case No. 66191/2025 on May 26, 2026, he made no filing concerning the Protective Order and did not ask the Prosecutor's Office to adopt any measures consistent with it. Fourth Rusconi Decl. ¶ 6. And Mr. Rusconi—who represents Tourprodenter's principals in Criminal Case No. 66191/2025— is not aware of any other statement or filing by Tofoni there addressing the Protective Order. *Id.* ¶¶ 3, 8. That failure was not limited to Criminal Case No. 66191/2025. Although Mr. Rusconi's clients are not parties to Criminal Case No. 360/2026, Tofoni's May 27, 2026 statement in that case was forwarded into Case No. 66191/2025. There, Tofoni again acknowledged only a "limitation" on the Synovus records, without attaching the Protective Order, describing its scope, or disclosing that he obtained the records solely for the AFA Case. Fourth Rusconi Decl. ¶¶ 9-10.

## II.    TOFONI'S § 1782 ARGUMENTS FAIL AND DO NOT EXCUSE HIS NONCOMPLIANCE WITH THE PROTECTIVE ORDER.

### a.  Tofoni's "Good Cause" Framing Does Not Dispense with § 1782's Requirements or with This Court's Directive.

Tofoni disclaims that he is seeking reconsideration of this Court's Protective Order and recasts his Motion for Authorization as a request for relief "upon good cause shown" under Paragraph 16 of the Protective Order. (ECF No. 33) at 5. This Court's April 27 Order held that Tourprodenter's materials "should not have been used for other purposes without leave of the Court" and directed that, "[i]f Tofoni wishes to use the materials for another purpose, he should file a new § 1782 application." (ECF No. 25) at 3. He has filed none. To the extent Tofoni asks the Court to revisit an earlier ruling, that request fails because "a district court typically would not abuse its discretion when rejecting a motion to reconsider an interlocutory order if the movant

3

simply rehashed arguments already considered and rejected." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024) (citation omitted).  Regardless of the label of Tofoni's request, he must still satisfy § 1782 for each new use he proposes. And, as shown below, he has not.

> **b.  Tofoni Has Not Shown the Materials Are "For Use" in Any Qualifying Foreign Tribunal.**

Tofoni must establish each of § 1782's four statutory requirements before the Court may act on his request. *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1198-99 (11th Cir. 2016) (the "prima facie requirements . . . must be established before a district court may exercise its authority under § 1782"); *see also In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). Notably, the discovery must be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). That requirement is met only where Tofoni has a means to "inject the requested information into a foreign proceeding" and shows that the records "will be employed with some advantage or serve some use in the proceeding." *In re Pinewood Techs. Asia Pac. Ltd.*, No. 24-60119-CIV, 2024 U.S. Dist. LEXIS 211317, at *14 (S.D. Fla. Nov. 19, 2024). Tofoni made no such showing in his Motion for Authorization (ECF No. 26), nor did he in either his Combined Filing (ECF No. 33) or the Third Baños Declaration (ECF No. 33-2).

In opposing the Motion for Authorization, Tourprodenter explained that, even assuming no new § 1782 application were required, Tofoni had not carried his burden of demonstrating that authorization was warranted. *See* (ECF No. 29). The Second Baños Declaration offered no more than the four case captions and the bare fact that Tofoni had initiated each proceeding. (ECF No. 29) at 8-9; Second Baños Decl. (ECF No. 26-1) at 2-3 ¶¶ 4-7. Tofoni did not describe the status of any of the four cases, identify the facts at issue in any of them, cite a single Argentine legal authority, or explain how the Synovus records would actually be used in any of them. (ECF No.

29) at 9.    Neither Tofoni's Combined Filing nor the Third Baños Declaration cures those deficiencies.

First, the Third Baños Declaration asserts that Tofoni should be allowed to use Tourprodenter's information in the Argentine criminal proceedings because he has filed it already with the Argentine courts. (ECF No. 33) at 7-8; (ECF No. 33-2) at 2-4 ¶¶ 3, 5-7. But merely filing the records is not the showing § 1782 requires; the statute asks whether the records will be employed with some legal advantage in a foreign proceeding, not whether Tofoni has placed them on a docket. *See Pinewood*, 2024 U.S. Dist. LEXIS 211317, at *14. Otherwise, the statutory requirement would be satisfied whenever a litigant unilaterally placed materials in a court file. Submitting documents to a criminal docket shows only that Tofoni was, in practice, able to file them there—not that he was authorized to do so or that the materials may be treated as evidence. Fourth Rusconi Decl. ¶ 14.[2] And the Third Baños Declaration still fails to describe the status of each criminal case, the facts at issue, or how Tourprodenter's records are relevant, admissible evidence in any of the four cases. *See* (ECF No. 33-2) at 2-5.

Second, Baños submits that the information can be used in Argentina because the *Procuraduría de Criminalidad Económica y Lavado de Activos* ("PROCELAC") report has concluded that the materials were legitimately obtained through this proceeding and are relevant to the Argentine criminal investigations. *See* (ECF No. 33-2) at 7-16. But the PROCELAC report does not establish legitimacy or relevancy. If anything, it supports the opposite. The report

---

[2]    Indeed, Mr. Rusconi's testimony that while "Argentine law provides no mechanisms to prevent such information from being considered," an Argentine court "may order the exclusion of the evidence" confirms that mere filing and proper use are different things. Third Rusconi Decl. (ECF No. 29-1) at 5 ¶ 13. An Argentine judge may exclude evidence introduced in violation of due process guarantees or Argentine rules of evidence—as the Federal Court of Campana recently demonstrated in Case CFP 5277/2025/474/1. Fourth Rusconi Decl. ¶ 15.

indicates that Tourprodenter's information must be obtained through international letters rogatory, the very process Tofoni circumvented. *See* (ECF No. 33) at 8; (ECF No. 33-2) at 7-16; *see also* Third Rusconi Decl. (ECF No. 29-1) at 3-4 ¶ 9. Indeed, PROCELAC is neither a judicial authority nor the prosecutorial office in charge of any of the four Argentine criminal cases. Fourth Rusconi Decl. ¶ 11. PROCELAC never vouched for the legitimacy of Tofoni's use of the discovery documents; it observed only that, based on a preliminary view, the documents appeared to derive from discovery within the United States rather than from unknown sources. *Id.* ¶ 12. And the PROCELAC report—issued before this Court entered the Protective Order—concludes that the information Tofoni supplied cannot be treated as evidence. *Id.* ¶ 13.

Additionally, the defect with Tofoni's participation Tourprodenter identified in opposition, *see* (ECF No. 29) at 9, also remains unrebutted: Tofoni's standing to submit anything to the Argentine courts depends on his status as a complainant (*querellante*), and the Eleventh Circuit requires that an "interested person" within the context of § 1782 have both "a significant role in the process" and "significant procedural rights." *Halliwel Assets, Inc. v. Bracha Foundation*, 663 F. App'x 755, 763 (11th Cir. 2016) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255-56 (2004)). But Tofoni's standing is under active challenge. *See* Second Rusconi Decl. (ECF No. 20-1) at 5 ¶¶ 9-10; Third Rusconi Decl. (ECF No. 29-1) at 4 ¶ 11. The four proceedings also remain at a preliminary investigative stage. Third Rusconi Decl. (ECF No. 29-1) at 4-5 ¶ 12.

### c.   The Discretionary *Intel* Factors Likewise Favor Compelling Compliance.

On the first factor—whether the discovery target participates in the foreign proceeding, *see Clerici*, 481 F.3d at 1334—Tofoni argues that discovery is sought from a bank that does not participate in the Argentine proceedings. He dismisses *Inmobiliaria Tova* and *El Poder del Consumidor* as cases holding that the first factor weighs against assistance only where the U.S.

6

discovery target is a corporate affiliate of a participant in the foreign proceeding, because Synovus is not affiliated with any defendant in the Argentine criminal proceedings. (ECF No. 33) at 11-12. However, those decisions do not turn on corporate affiliation. They ask whether the same information is available from a participant in the foreign proceeding—and it is here. The records belong to Tourprodenter, whose principals are the named defendants in each of the four Argentine cases and are subject to those courts' jurisdiction. *See El Poder del Consumidor v. Coca-Cola Co.*, No. 1:24-cv-03665-TWT-RDC, 2024 U.S. Dist. LEXIS 197146, at *12-13 (N.D. Ga. Oct. 30, 2024) (first factor "weighs against assistance" as to evidence available from related parties "subject to [the foreign tribunal's] jurisdiction" or "named in [the foreign] complaint"). Accordingly, the first *Intel* factor weighs against authorization because the same information is available from persons subject to the jurisdiction of the Argentine courts. *See* Fourth Rusconi Decl. ¶¶ 3, 5; *Consumidor*, 2024 U.S. Dist. LEXIS 197146, at *12-13.

On the second factor—receptivity of the Argentine courts to U.S. federal court judicial assistance, *see Clerici*, 481 F.3d at 1334—Tofoni attributes to the Eleventh Circuit a rule it expressly refused to adopt in *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1222 (11th Cir. 2019). Tofoni argues that "courts assume receptivity 'absent authoritative proof that a foreign tribunal would reject the evidence obtained.'" (ECF No. 33) at 12-13 (quoting *Diageo*, 925 F.3d at 1222). But that language is not the Eleventh Circuit's ruling; it is a quotation *Diageo* drew from the Second Circuit's *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 80 (2d Cir. 1997), and then rejected: "We *decline* to adopt this approach as well." *Diageo*, 925 F.3d at 1223 (emphasis added). *Diageo* in fact holds that a court "need not apply a rigid burden-shifting framework" and that "it is not necessary (or helpful) to put the burden on one side or the other." *Id.* at 1222-23. There is thus no presumption of receptivity by the foreign

courts. *See id.* Furthermore, the PROCELAC report Tofoni submitted in his Combined Filing supports that Tourprodenter's materials can be introduced to the Argentine proceedings only through international letters rogatory. *See* (ECF No. 33) at 8, 13; (ECF No. 33-2) at 7-16; *see also* Second Rusconi Decl. (ECF No. 20-1) at 3-4 ¶ 6; Third Rusconi Decl. (ECF No. 29-1) at 3-4 ¶¶ 7-9; Fourth Rusconi Decl. ¶¶ 11-13.

The third factor asks whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264-65). Tofoni reframes that test as asking only "whether the discovery that is sought is *affirmatively prohibited* in the foreign jurisdiction," citing a non-binding, unpublished Second Circuit decision. (ECF No. 33) at 14 (citing *In re Accent Delight Int'l Ltd.*, 791 F. App'x 247, 251 (2d Cir. 2019)) (emphasis added). That is not the Eleventh Circuit's standard. *See Clerici*, 481 F.3d at 1334. And Tofoni circumvented Argentina's proof-gathering restrictions. Only a court in Argentina may lift bank secrecy, and even the prosecutor needs judicial authorization; Tofoni instead used § 1782 and the pretextual AFA Case justification to obtain as a private complainant what the criminal process would not give him. Second Rusconi Decl. (ECF No. 20-1) at 3-4 ¶ 6; Third Rusconi Decl. (ECF No. 29-1) at 3 ¶ 7.

Tofoni cites *In re Pimenta* in support of the notion that the third factor weighs in his favor because the Argentine criminal proceedings are open and active. But the case actually cuts against him, holding that § 1782 "is designed to provide discovery in aid of foreign litigation, not to provide discovery to justify the reopening of already completed foreign litigation." 942 F. Supp. 2d 1282, 1287 (S.D. Fla. 2013). His retort that there is "no 'already completed foreign litigation'" here, (ECF No. 33) at 15, ignores his 2023 complaint, which accused the same individuals of the same fraud and money laundering and was dismissed. Second Rusconi Decl. (ECF No. 20-1) at 6-

7 ¶¶ 13-16. And that § 1782 imposes no foreign-discoverability requirement, (ECF No. 33) at 14, is no excuse: discoverability asks what the statute reaches; circumvention asks whether the applicant is evading the foreign jurisdiction's limits on how evidence may be gathered. *See Clerici*, 481 F.3d at 1334. Tofoni used this Court's process to obtain bank records only an Argentine court could release. Fourth Rusconi Decl. ¶ 15.

On the fourth factor—whether the request is unduly intrusive or burdensome, *see Clerici*, 481 F.3d at 1334—Tofoni measures only the burden on Synovus, which already produced the records, and claims that the authorization he seeks adds no additional burden. (ECF No. 33) at 16. But this factor also reaches the intrusion on the party whose information is sought. *Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264-65). Here, that intrusion falls on Tourprodenter, whose confidential records would be spread across four criminal prosecutions of its principals, none of whom is charged with any crime, after the records were already given to the media and the BCRA. (ECF No. 9) at 6-7 ¶¶ 16-17; (ECF No. 20) at 2-4; Fourth Rusconi Decl. ¶ 5. Moreover, Tofoni's harassment is concrete. Two of the four complaints—Case No. 335/2026 (tax evasion) and Case No. 360/2026 (money laundering)—were filed after Tourprodenter's counsel conferred with Tofoni's counsel on March 11, 2026 to object to his misuse of the materials he obtained in this Court. *See* (ECF No. 9) at 7 ¶ 18; (ECF No. 26-1) at 3 ¶¶ 5-6.

## III. TOFONI'S NEW DOJ THEORY DOES NOT SUPPORT HIS MOTION AND FURTHER HIGHLIGHTS THE RISK THAT TOFONI SEEKS TO USE THE RECORDS BEYOND THE AFA CASE.

Tofoni's newest justification for keeping Tourprodenter's records in circulation is that the same conduct "is also now being investigated by the U.S. Department of Justice." (ECF No. 33) at 1-2. However, Section 1782 authorizes discovery "for use in a proceeding in a *foreign or international* tribunal." 28 U.S.C. § 1782(a) (emphasis added). The Supreme Court has held that

9

"[o]nly a governmental or intergovernmental adjudicative body constitutes a 'foreign or international tribunal' under" the statute, and that a "foreign tribunal" is "one that exercises governmental authority conferred by a single nation." *ZF Automotive US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633, 637 (2022). A United States Department of Justice investigation is, by definition, neither foreign nor international. A pending or rumored DOJ inquiry therefore provides no § 1782 basis for the expanded use Tofoni seeks. Rather, it confirms that Tofoni continues to identify potential uses for the records beyond the AFA Case—the only proceeding for which their use has been authorized by this Court.

## CONCLUSION

For the foregoing reasons, Tourprodenter respectfully requests that the Court grant the Cross-Motion (ECF No. 31), deny Tofoni's Motion for Authorization (ECF No. 26), and compel Tofoni to comply with the Protective Order (ECF No. 25).

Dated: June 15, 2026                            Respectfully submitted,

**Clark Hill PLC**
3630 Peachtree Road N.E., Suite 700
Atlanta, GA 30326
Telephone: (470) 845-0207

By: _/s/ Lewis P. Perling_
Lewis P. Perling (Georgia Bar No. 572379)
Attorney Email: lperling@clarkhill.com

10

**DIAZ REUS INTERNATIONAL LAW FIRM**

100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

By: */s/ Javier Coronado Diaz*
Javier Coronado Diaz (Fla. Bar No. 1047848)
Attorney Email: jcoronado@diazreus.com
(Admitted pro hac vice)
Michael Diaz, Jr. (Fla. Bar No. 606774)
Attorney Email: mdiaz@diazreus.com
(Admitted pro hac vice)
Gabor Gazso von Klingspor (Fla. Bar No. 1058977)
Attorney Email: ggazso@diazreus.com
(Admitted pro hac vice)
John Q. Foster (Fla. Bar No. 1059167)
Attorney Email: jfoster@diazreus.com
(Admitted pro hac vice)

*Counsel for Tourprodenter, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on June 15, 2026 with the Court's

CM/ECF system, which will serve a true and correct copy thereof on all counsel of record.

*/s/ Javier Coronado Diaz*
Javier Coronado Diaz

11