IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE APPLICATION OF GUILLERMO   *
LUIS TOFONI FOR JUDICIAL
ASSISTANCE PURSUANT TO           *      CASE NO. 4:25-CV-313 (CDL)
28 U.S.C. § 1782,
                                 *

O R D E R

The Court previously granted Guillermo Luis Tofoni's *ex parte* petition under 28 U.S.C. § 1782 for an order permitting him to obtain discovery for use in connection with a pending Argentine civil action.  Order (Oct. 7, 2025), ECF No. 3.  After the Court granted the petition, Tourprodenter LLC, the entity whose bank records were subpoenaed pursuant to the petition, intervened in this action.  The Court granted Tourprodenter's motion for a protective order.  Protective Order (Apr. 27, 2026), ECF No. 25. Under the protective order, the Tourprodenter documents produced pursuant to subpoenas issued in this proceeding "shall be used solely for purposes of the civil lawsuit filed by Tofoni against the Argentine Football Association ("AFA"), with civil case number CIV 084904/2023 (the "AFA Case"), and for no other purpose, unless otherwise authorized by this Court."  *Id.* ¶ 4.  The Court also ordered Tofoni to "cease any further dissemination of" Tourprodenter's materials "outside the AFA Case" and to take "reasonable steps to retrieve or secure the return or destruction of such materials from persons not authorized to receive them"

under the protective order.  *Id.* ¶ 9.  The Court stated that if Tofoni wished to use the materials for another purpose, "he should file a new § 1782 application."  *Id.* at 3.

Tofoni certified that he partially complied with Paragraph 9 of the protective order by sending a letter to unspecified journalists to whom he disclosed Tourprodenter's materials. Certification, ECF No. 27-1.  In the letter, Tofoni asked the journalists to "immediately return or destroy the materials of Tourprodenter provided by Synovus."  Translated Notice to Journalists, ECF No. 27-5.  Tofoni did not certify that he took any measures to secure the return or destruction of the Tourprodenter materials from other recipients, including Argentine criminal courts where he filed them.

Tofoni now seeks authorization to use the Tourprodenter documents in four Argentine criminal proceedings that he initiated by filing criminal complaints.  Despite the Court's express statement that Tofoni should file a new § 1782 application if he wished to use the Tourprodenter materials for a purpose that was not previously authorized, Tofoni did not file a new § 1782 application.  Instead, he filed a motion for authorization, arguing that the four statutory requirements would be satisfied if he filed a new § 1782 application and that the four discretionary factors would favor granting a new § 1782 application.

2

The key question for the Court is whether § 1782 would authorize the Court to grant Tofoni's request for judicial assistance obtaining the Tourprodenter documents for use in the four Argentine criminal proceedings. The parties submitted a series of competing declarations from their lawyers regarding the case-specific facts and Argentine law. The Court carefully reviewed the declarations and is not convinced that Tofoni met his burden of establishing that the § 1782 statutory requirements are met or that the § 1782 discretionary factors would favor granting a new § 1782 application allowing him to compel production of Tourprodenter's banking records for the purpose of initiating criminal complaints. Tofoni and his lawyer emphasize that a criminal complainant may propose lawfully obtained evidence to an Argentine criminal tribunal, but they did not demonstrate that Tofoni lawfully obtained the Tourprodenter's bank records *for the purpose of initiating criminal complaints*. They also did not establish that Argentine law would permit Tofoni to compel production of a company's private bank records for the purpose of initiating criminal complaints against individuals affiliated with the company.

For these reasons, the Court denies Tofoni's motion for authorization (ECF No. 26). The Court grants Tourprodenter's motion to compel compliance with the protective order (ECF No.

31).   Within fourteen days of today's order, Tofoni shall comply with Paragraph 9 of the Protective Order by:

♦ Providing written notice to each person or entity to whom the Tourprodenter Materials were disclosed that the materials are subject to the Protective Order and requesting that such materials be returned or destroyed;

♦ Taking reasonable steps to retrieve or secure the return or destruction of such materials from persons not authorized to receive them under the Protective Order; and

♦ Filing a revised certification with the Court describing the steps taken to comply with Paragraph 9 of the Protective Order.

   IT IS SO ORDERED, this 21st day of July, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA